NEW-YORK,
May, 1823.

The People
*vs.*
John Lee.

---

## The People *vs.* John Lee. *Assault and Battery.*

The defendant was charged with an assault and battery in the usual form, committed upon Mr. Depeyster on the 12th of April, 1823.

It is an assault to attempt to run against the wagon of another person on the highway.

THE facts of the case were as follows : Mr. Depeyster was driving his wagon into town, and was overtaken by the defendant in a cart. He attempted to run the cart against the prosecutor. Mr. Depeyster was obliged to stop his wagon in order to prevent being run over, and the cart of the defendant passed before him. The defendant crossed the road several times, and had like to have broke the wagon.

It was a question whether this was an assault and battery or not.

*Wilson,* for the defendant, contended that it was not ; that the cart did not touch the wagon ; that it could not be considered even an assault : and that it appeared from the testimony, the prosecutor had beaten the defendant with his loaded whip ; and if there was any cause of complaint, it was with the defendant.

*Maxwell, District Attorney,* replied, that an attempt to run against the wagon of the prosecutor for the purpose of oversetting it, or for the purpose of compelling him to

abandon the road was an assault; and if he had actually run against it, it would be also a battery; that it was a case that demanded the interposition of the Court; many complaints had lately been made of the insolent and very improper conduct of the cartmen and others upon the road.

The Court observed they were of opinion the conduct of the defendant, in attempting to run against the wagon of the prosecutor, was clearly an assault; his horse and cart was merely a machine, and could as well be directed against the prosecutor as any other inanimate object. That an assault was an attempt with force and violence, to do a corporeal hurt to another, as by striking at him with a weapon, or without a weapon, being within striking distance, or presenting a gun at him at a distance the gun will carry, or pointing a pitchfork at him being within reach of it; and that the improper conduct of cartmen and others, to travellers upon the road, have demanded, and would receive, the discountenance of the Court.

The case was left to the jury, and they found the defendant guilty of an assault.

NOTE.—The above definition of an assault, agrees with the books. 1 Mod. 3; 6 Mod. 173; 10 Mod. 187; 1 Serj. and Rawle, 347; City Hall Rec. vol. 5. p. 93, 95.

A battery, is where that attempt is carried into execution to the injury of a person in an angry revengeful, rude or insolent manner; as by spitting in his face, or by touching him in anger, or jostling him out of the way, &c. Salk. 384; 6 Mod. 149; 3 Lev. 404; City Hall Rec. vol. 4, p. 56.

In England a number of very penal statutes have been passed, protecting particular persons therein named.

See the 5th Hen. 4. c. 6, and 11th Hen. 6 c. 11., for the punishment of as-

NEW-YORK,
May, 1823.

The People
*vs.*
John Lee.

saulting a member of parliament, their servants, or other counsel of the king on their way to parliament.

See also 9th Edw. 2. c. 3. and 5 Eliz. c. 4, § 21, for the punishment of assaulting a clerk, and of servants assaulting his master or mistress, or overseer.

By the 9th Ann, c. 16., to strike a privy counsellor in execution of his duty, is punished with death.

By the 6th Geo. 1. c. 23, § 11., to assault another in the street with intent to spoil their clothes, is transportation,

By the 9th Geo. 1, c. 22., to assault, another by shooting at him, is death.

So, by the 7th Geo. c. 21., to assault with intent to rob, is transportation— and see also the 12th Geo. 1, c. 24.

An assault and battery is an offence at common law. We have no statute defining the crime. Nor have we any description of persons peculiarly protected from it, except, perhaps, magistrates and others in a court of justice; even there, the crime is not so much considered as the indignity and affront offered to public justice. On convictions for assaults and batteries, the ordinary punishment is a nominal fine. The People *v.* Cochran, 2 Johns. Cases, p. 73. In flagrant cases, however, the discretion of the court will be exercised for the protection and security of the public.

When the crime is merely accessory to another, intended to be, but not committed, it is very penal by our statute. 1 Rev. L. p. 409. It is enacted " that every one who shall be hereafter convicted of any as-
" sault, with intent to rob, murder, or commit a rape, and every per-
" son who shall aid, abet, assist, hire, command or procure any other
" person to commit any of the said offences, and be thereof duly con-
" victed, shall be punished, by fine or imprisonment, or both ; or if it
" shall be deemed proper by the Court, before whom any person
" shall be convicted, that instead of, or in addition to a fine, such
" ought to be imprisoned in the State Prison, in such case it shall be
" lawful for such Court, in their discretion, to adjudge the person
" so convicted to imprisonment in the said prison for a term of time
" not exceeding seven year."

See the following cases.

The law raises a presumption of an intent to kill, in a case where the means used by the assailant were such as, in all human probability, would have produced death; and where had it ensued, such killing would have been murder. City Hall Rec. vol. 3, p. 73 But where an aggravated assault and battery was committed under such circumstances that had death ensued, it would have been murder on the part of the assailant; still, if it does not positively appear that any dangerous weapon was used, or that the means or manner employed in the commission of the offence, were such as were calculated to produce death, the jury are not bound to impute to the defendant an implied intent to kill. Ibid.

NEW YORK,
May, 1823.
The People
*vs.*
John Lee.

See also James Gordon's case tried in June Sessions, 1818, for an assault and battery, with intent to commit a rape. Ibid. page 91.

In an indictment for an assault and battery, with intent to murder, it is unnecessary to allege that the act was done feloniously, and with malice aforethought. 3 Johns. Rep. p. 511.

If a man strike at another, and do not hit him, it is no battery, but will be an assault. 2 Roll. 545. Or lifts a weapon to strike him but does not. 1 Vent. 256. Or throws stones, water, or other liquor upon him. Comyn's Dig. Vol. 2. tit. Battery, Letter C.

What constitute an Assault.

But it is no assault to strike at a person at such a distance that he cannot touch him, or put him in fear. Ibid. ; or in order to restrain him from mischief to himself; as to hold one by his arm, who would stop his water, throw down his booth, &c. 2 Roll. 547. So also it is not an assault to take a hat from a man's head in church. 1 Sand. 14. See 1 Vent. 256; 1 Mod. 3; 1 Keb. 921; 2 Keb. 545.

If a man raise his hand against another within striking distance, saying " if it was not for your gray hairs I would tear your heart out," it is not an assault, because the words explain the action, and repel, the idea of an intent to strike, 1 Sergt. and Rawle, 347.

To pursue a man with a dangerous weapon, coming so near him, as that

NEW-YORK,
May, 1823.

The People
*vs.*
John Lee.

danger to his person may be reasonably apprehended, is an assault. City Hall Rec. vol. 5, p. 95.

To detain a counsellor at law in a room, in a prison, where he has gone to see a client, against his will, for half an hour, is an assault and false imprisonment, whether the neglect be wilful or accidental. Ibid. vol. 4, p. 56.

It is not an assault to point a cane to one in derision in the street, for the purpose of insulting him, but without an intention of striking him. Ibid. vol. 6, p. 9.

**What a Battery.** A battery may be committed by striking with the hand or instrument, or by thrusting, pushing, or jostling in anger, or by taking hold of the arm, spitting in the face, or striking a horse upon which a party is riding. Mod. Cas. 149.

So it is also a battery, if a soldier, in muster discharge his gun, and another go across, whereby he inevitably, and against his will hurts him. 2 Roll. 548; Otherwise if it does not appear inevitable and without any neglect in the party; Ibid. See also Samb. 126: Salk. 384; 6 Mod. 149,

It is not a battery if one take hold of another to restrain him from mischief. 2 Rol..

A man who is in peaceable possession of a tenement, though holding over after the expiration of his term, is justifiable in making use of as much force as may be necesssary in repelling an attempt made by any person without the aid of legal process, to dispossess him by force, and is not guilty of an assault and battery. City Hall Rec. vol. 1, p. 96; ibid. p. 150, vol. 2, p. 4.

The custom of a ship's company to shave and immerse others in water on passing the equator, is an unlawful ceremony, and is an aggravated assault and battery. Ibid. p. 276.

It is not an assault and battery for a minister of a church to tap a young man on the head gently with his cane, who is making a noise in church during service. Ibid. vol. 2, p. 25.

M. the owner of a horse and gig, in company with I., whom he invited to ride with him, drove with great speed through Broadway, and

knocked down a woman in the street; it was held, that if I. assented to such immoderate driving, he was responsible for the injury. Ibid. vol. 5, p. 77.

To sprinkle paint from a brush out of the second story of a house upon a person, is an assault and battery, Ante.

Striking anything attached to a person, as a cane, &c.; if intended as a rudeness and affront, is a battery. 1 Dall. 114.

Striking violently with a club, horses before a carriage, in which a person was riding, was held to be an assault upon the person. In both cases the subject partaking of the personal inviolability. Pen. Rep. 229.

See also the case of the defendant who threw a lighted squib into the market-place, and it was thrown about by others, and put out the eye of a person, it was held to be an assault and battery in the person who first threw it, 3 Wils. 403.