## BULL *vs.* COLTON.

In an action brought before a justice of the peace, the complaint alleged that the defendant made an assault upon the horse of the plaintiff, while said horse was attached to a buggy wagon, "*and while plaintiff was in said wagon,* by willfully and maliciously striking, whipping, beating and pounding said horse with a whip and hoe; and greatly injured, hurt and damaged said horse, and caused said horse to rear up, jump and run, *while said plaintiff was in said buggy wagon,* causing said horse to be greatly frightened, to plaintiff's damage $100." *Held* that the action was not one for an assault and battery, upon the complaint as put in; but that it was proper for the justice to permit the plaintiff to amend the complaint by striking out the allegations relative to the plaintiff's being in the wagon, at the time of the occurrence; and that after such amendment the action was clearly an action for injuring property; which the justice had jurisdiction to try.

APPEAL from the Madison county court. The action was brought before a justice of the peace, where the plaintiff complained of the defendant as follows: " That said defendant, on or about the 8th of June, 1824, with force and arms, to wit, at Lenox, made an assault upon the horse of said plaintiff, while said horse was attached to a buggy wagon of plaintiff, *and while plaintiff was in said wagon,* by willfully and maliciously striking, whipping, beating and pounding said horse with a whip and hoe; and greatly injured, hurt and damaged said horse, and caused said horse to rear up, jump and run, *while said plaintiff was in said buggy wagon,* causing said horse to be greatly frightened, to plaintiff's damage $100."

The defendant, for a defense, claimed that he was overseer of the highway in Lenox, where the transaction occurred, and that he was at work repairing such highway when the plaintiff came along with his horse and wagon; and that he stopped where the defendant was at work on the highway, and hindered him, and those under him, in their work; and that the whipping and beating of the horse by the defendant was for the purpose of causing the plaintiff to pass along, so that the defendant could proceed with his work.

The evidence showed that the plaintiff was riding in a wagon in the highway, and driving his horse, thereto attached, at the time the defendant whipped and beat the horse. The evidence

authorized the justice to find that such whipping and beating of the horse was not only unnecessary but willful and malicious. After the evidence was closed, the defendant objected to. the jurisdiction of the justice, on the ground that the action was for an assault and battery; whereupon the justice permitted the plaintiff to strike from the complaint the allegations "and while plaintiff was in said wagon," and "while said plaintiff was in said buggy wagon." The defendant objected to the alteration of the complaint.

The justice gave judgment against the defendant for $25 damages besides costs; which judgment was affirmed by the Madison county court.

*B. F. Chapman,* for the respondent.

*Thomas Barlow,* for the appellant.

*By the Court,* BALCOM, J. If the plaintiff had unnecessarily stopped with his horse and wagon in the highway, and there hindered the defendant or the men under him, while repairing such highway, the defendant, as overseer of such highway, would have been justified in using all necessary and proper force to remove the plaintiff from the place where the defendant was at work, if the plaintiff had neglected or refused to pass along, after being requested to do so by the defendant. But this point is disposed of by the finding of the justice upon the evidence.

If this action is brought for an assault and battery upon the plaintiff, the justice had not jurisdiction of it. (*Code,* § 54, *sub.* 3.) Is it such an action? There can be no doubt but that the plaintiff could have sustained an action in the supreme court for an assault upon his person and recovered damages therefor and for the injury to his horse. (*De Marenville* v. *Oliver,* 1 *Penn. N. J. Rep.* 380. 1 *Dall.* 114. *Barb. Cr Tr.* 212. *People* v. *Lee,* 1 *Wheel. Cr. Cas.* 364. 4 *Denio,* 453. *Whart. Am. Cr. Law,* 462.) Such causes of action may be united in the same complaint. (*Code,* § 167, *sub.* 2, 3.) But

---

Bull *v.* Colton.

---

the plaintiff had the right to waive all damages for the assault upon his person and bring his action solely for the injury to his horse. His person was not touched, and the damages to his horse were easily separated from any for the supposed assault upon his person. He had his choice between two remedies, and has elected which action he would bring, and such election did not prejudice the defendant. He has lost no right by reason thereof. The recovery in this case is a bar to any other action the plaintiff may institute, for damages arising out of the same transaction. If the plaintiff has not recovered his entire damages in this action he must lose whatever he has failed to recover, for the reason that he has elected what remedy he would pursue, and has split his demand, and must be content with the portion he has got. He cannot sustain another action for the residue. (*See Farrington* v. *Payne,* 15 *John.* 431 ; *Rice* v. *King,* 7 *id.* 20.)

The justice did right in permitting the plaintiff to divest his complaint of the allegations in it which he supposed might characterize the action as one for an assault and battery. The pleadings in a court held by a justice of the peace may always be amended, when by the amendment substantial justice will be promoted. (*Code, § 64, sub.* 11.) The action, as it stands upon the amended complaint, is clearly one for "injuring property." (*Code, § 53, sub.* 2.) Nor is the action one for an assault and battery, when judged by the complaint before it was amended.

The judgment of the county court was right, and it should be affirmed with costs.

Judgment accordingly.

[DELAWARE GENERAL TERM, July 16, 1856. *Shankland, Gray, Mason* and *Balcom,* Justices.]