# SUPREME COURT.

## Law agt. McDonald.

*Unlawful acts — When successive actions for cannot be maintained — When action barred by former recoveries.*

A plaintiff can have but one suit growing out of a single cause of damages, and after a recovery in an action for an injurious act no action can be maintained on account of any further consequences occasioned by that act. Damages for a single wrongful act can be awarded but once, and in one suit only. When sued for such wrongful act the plaintiff may recover his damages caused thereby, both past and prospective; that is, he takes his equivalent for the entire injury in damages. He cannot split up his damages and have separate and independent recoveries.

A judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings upon which it is rendered, whether the suit embraces the whole or any part of the demand constituting the cause of action. An entire claim arising, either upon a contract or from a wrong, cannot be divided and made the subject of several suits, and if several suits be brought for different parts of such claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits.

Where A. had recovered against B. in his former actions the damages to which he was entitled for all unlawful acts committed by him against A.'s rights prior to October 15, 1875, which acts were the removal of and injury to A.'s pipe leading from a spring to his dwelling and out-

houses, and the consequent interruption of the flow of water through it to his premises; and, by the judgment in the first action, he was awarded a perpetual injunction against B., restraining the latter from in any way interfering with such pipe. Prior to the recovery in the former actions, and in 1872, A. attempted to replace and repair the pipe, and was prevented from so doing by B., but no such attempt was thereafter repeated until in the spring of 1877, when no opposition was offered; nor did the defendant since 1872 at any time or in any way interfere with the plaintiff's rights as they were ultimately established by the judgment of the court in those suits. The second action was commenced October 15, 1875. In a third suit brought by A. a judgment was awarded against B. for damages which occurred between October 15, 1875, and the 1st day of May, 1877, by reason of the defendant's wrongful act in removing the pipe from the spring and preventing A. from repairing the pipe:

*Held*, that such recovery could not be sustained. These causes of damage, and each of them, were especially commented on in the former actions, and damages were awarded in both suits. Those recoveries must be presumed to embrace all damages to which the plaintiff was entitled growing out of those wrongful acts, past and prospective, and the present recovery is barred by the former.

*Third Department, General Term, September*, 1881.

· *Before* LEARNED, *P. J.*, BOCKES *and* BOARDMAN, *JJ.*

BOCKES, *J.* — The plaintiff had recovered against the defendant in the two former actions the damages to which he was entitled for all unlawful acts committed by him against the plaintiff's rights prior to October 15, 1875.

Those acts were the removal of and injury to the plaintiff's pipe leading from the spring to his dwelling and outhouses, and the consequent interruption of the flow of water through it to his premises; and, by the judgment in the first action, he was awarded a perpetual injunction against the defendant, restraining the latter from in any way interfering with such pipe. There is no proof in the case, nor do we understand that it is pretended, that the defendant, after October 15, 1875, ever in any way interfered with the pipe or with the flow of water through it, or, by threats or otherwise, prevented the plaintiff from maintaining it in proper place or

in repair. It appears that prior to the recovery in the former
actions, and in 1872, the plaintiff attempted to replace and
repair the pipe, and was prevented from so doing by the
defendant, but no such attempt was thereafter repeated until
in the spring of 1877, when no opposition was offered; nor
did the defendant thereafter (1872), at any time or in any
way, interfere with the plaintiff's rights as they were ulti-
mately established by the judgment of the court in those suits.
The second action was commenced October 15, 1875. Thus
it seems that all right of action against the defendant for
everything wrongfully done or suffered by him relating to the
subject-matter of plaintiff's complaint in the present (third)
action occurred during the time covered by the former suits.
If so the recoveries in those actions barred the present claim,
for the plaintiff recovered, or should have recovered, his
entire damages in those suits, and this would be so whatever
might be the form of action. The rule of law applicable to
the case would be the same whether the actions were in tres-
pass, or what were formerly denominated actions on the case.
The wrongful acts complained of occurred long prior to Octo-
ber 15, 1875; they were not repeated or continued after that
time. The recovery in this (third) action seems to have been
based on the idea that the defendant was under obligation to
maintain the pipe in good repair. But he was not so obligated.
The extent of his obligation was to *permit the plaintiff to
enjoy his easement;* that is, to lay and retain the pipe in
place, keep it in repair and take the water through it from
the spring. In the exercise of this right he had been inter-
rupted prior to October 15, 1875, and for such interruption
damages had been awarded him in the former suits. But
there was no interruption or interference with the right by
the defendant subsequent to October 15, 1875, the time cov-
ered by the third and last suit. The case is not like that of a
continuing nuisance, hence the authorities cited by the respond-
ent's counsel are not in point. The defendant did not disturb
the pipe or the flow of water through it after October 15,

1875, nor did he thereafter prevent the plaintiff from maintaining the pipe in place and in proper repair. The case, in principle, as regards the subject under examination, is not unlike *Porter* agt. *Cobb* (22 *Hun*, 278). After October fifteenth the defendant did nothing to produce the injury complained of, and, as above stated, for all wrongful acts by the defendant prior to that time, damages had been awarded against him. The plaintiff could have but one suit growing out of a single cause of damage. This was held in *Johnson* agt. *Long* (1 *Ld. Ray.*, 370). And in *Fitter* agt. *Beal* (1 *Ld. Ray.*, 339) it was held that after a recovery in an action for an injurious act, no action can be maintained on account of any further consequences occasioned by that act. The authorities are clearly and indisputably to the effect that damages for a single wrongful act can be awarded but once, and in one suit only. When sued for such wrongful act the plaintiff may recover his damages caused thereby, both past and prospective; that is, he takes his equivalent for the entire injury in damages. He cannot split up his damages and have separate and independent recoveries. This principle obtains in all classes of actions. The rule, says judge COWEN, in *Bendernagle* agt. *Cocks* (19 *Wend.*, 215), "goes against several actions for the same wrong, and against several actions on the same contract. All damages accruing from a single wrong, though at different times, make but one cause of action, and all debts or demands already due by the same contract make one entire cause of action." So it was held in *Phillips* agt. *Berick* (16 *John.*, 137), that a claim arising from one entire contract, or from one single tortious act, cannot be divided into distinct demands and made the subject of separate actions (*See, also, Farrington* agt. *Payne*, 15 *John.*, 432; *Fish* agt. *Folley*, 6 *Hill*, 54; *Bull* agt. *Cotton*, 22 *Barb.*, 94–96; *Secor* agt. *Sturgis*, 16 *N. Y.*, 558; *Staples* agt. *Goodrich*, 21 *Barb.*, 317; *Burritt* agt. *Belfy*, 47 *Conn.*, 323; *S. C.*, 36 *Am. Rep.*, 79). As regards prospective damages, it is laid down in *Moak's Underhill on Torts* (*p.* 82), as follows:

"The jury should take into consideration, in assessing the damages, the probable future injury that will result to the plaintiff from the act of the defendant, for the damages, when given, are taken to include all the hurtful consequences arising out of the wrongful act, unknown as well as known."

Now, as has been observed, the former actions embraced all wrongful acts committed by the defendant prior to October 15, 1875, and none are charged or proved against him subsequent to that time. He was charged in those suits with removing and injuring the pipe, and with preventing the plaintiff from relaying and repairing it, and also with injuries resulting therefrom by reason of being deprived of water at his dwelling and farm buildings. For these causes of action damages were awarded him. This action was then brought to recover further damages occasioned by the same unlawful acts. According to the authorities it was barred by the former recoveries. Let us examine the question a little on principle. A. has a right of way over B.'s land, with the right to keep and maintain it in repair. B. obstructs the way by digging a pit across it. Thereupon A. sues B. for this wrongful act, and recovers his damages. He recovers (1) an amount sufficient to meet the expense of restoring the way to its former condition of usefulness; and (2) such temporary damages as he may have sustained by reason of being hindered in the use of the way, and as the delay would cease with his own election to repair, he could recover for such delay only as was necessary to him in order to make repair. By the recovery, then, A. is indemnified for the entire injury. He has the money in hand, obtained by the recovery, with which to fill the pit and restore the way, and also such sum in addition as was deemed adequate for the time during which he was necessarily delayed in his use of the way. May he now omit to restore the way and recover further damages from year to year in repeated actions, because the pit remained unfilled? Again: A. has the right to maintain a pump in a well on B.'s land, and to take water therefrom by means of the pump.

B. removes and destroys the pump.   Thereupon A. sues B. for those unlawful acts and recovers his damages.   Those damages would be such sum as would meet the expense of replacing a pump in the well, of equal value and usefulness with the one removed and destroyed, with an additional sum to cover the damages to A. during the time he would be necessarily delayed in replacing the pump.   May A. omit to replace the pump and have damages against B. for such omission year after year, by repeated suits?   Especially (and this interrogatory has direct significance in view of the injunction granted in this case), may A. have such repeated actions for damages when B. has been enjoined, at the instance of the former, from all intermeddling with his rights in the well? The question is well answered by the decision in *Loker* agt. *Damon* (17 *Pick.*, 284), where it is held that in assessing damages for a tort, the immediate consequences of the injurious act are to be regarded, and not those which the party injured might have prevented by his own action.   But it is suggested that the plaintiff was deterred by the threats and violent conduct of the defendant from replacing and putting the pipe in condition for usefulness.   Not so, however, after October 15, 1875, nor indeed for years preceding that time. Yet judgment was awarded in this third suit for damages which occurred between October 15, 1875, and the 1st day of May, 1877, " *by reason of the defendant's wrongful act in removing the pipe from the spring, and preventing the plaintiff from repairing the pipe* " (finding XV).   These causes of damage, and each of them, were especially commented on in the former actions, and damages were awarded in both suits.   Those recoveries must be presumed to embrace all damages to which the plaintiff was entitled growing out of those wrongful acts, past and prospective.   Judge STRONG lays down the rule here applicable in *Secor* agt. *Sturgis* (16 *N. Y.*, 554), as follows : " The principle is settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which

it is rendered, whether the suit embraces the whole or any part of the demand constituting the cause of action. It results from this principle, and the rule is fully established, that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits;" and the learned judge further says: " In the case of torts, each trespass or conversion or fraud gives a right of action, and but a single one, however numerous the items of wrong or damage may be " (*page* 558). The recovery in this case cannot, as we think, be sustained.

Judgment reversed, new trial granted, costs to abide the event.

BOARDMAN, J., concurs.

It seems to me that this is right. W. L. LEARNED.