## HAISCH v. THE KEOKUK & DES MOINES R'Y CO.

1. **Surface-water:** OBSTRUCTION BY RAILROAD: STATUTE OF LIMITA-
TIONS. Where a railroad company constructs a passage through its
embankment to allow the escape of surface-water, it may be that an
action for damages caused by the insufficiency of the outlet would not
be barred in five years from the discovery of the insufficiency; (*Drake v.
Railroad Co.*, 63 Iowa, 302;) but where the opening was designed for a
cattle-way, and was not practicable for a water-way, the case was the
same as if the embankment had been solid; that is, the injury was per-
manent and the damages entire, and the right of action accrued as soon
as the embankment was made or the injury discovered, and was barred
in five years from that time. (Compare *Stodghill v. Railroad Co.*, 53
Iowa, 341, and *Van Orsdol v. Railroad Co.*, 56 Id., 470.)

*Appeal from Lee Circuit Court.*

WEDNESDAY, JUNE 8.

THIS is an action at law by which the plaintiff seeks to recover damages of the defendant because its railroad embankment obstructs the natural flow of surface-water, whereby the water stands upon part of plaintiff's farm, to his injury. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Anderson, Davis & Hagerman,* for appellant.

*Craig, McCrary & Craig,* for appellee.

ROTHROCK, J.—The railway embankment was built in 1875, and has been maintained in substantially the same condition from that time to the present. The line of road at the point opposite the plaintiff's land is near the Des Moines River. The plaintiff's farm does not abut upon the railroad right of way. The nearest point is about forty-five rods away. The land which it is claimed has been injured by the embankment is about six hundred yards distant from the railroad embankment. The evidence shows that the alleged injury to plaintiff's land commenced in the year 1875, and has been practically continuous since that time. This action was commenced in October, 1884. Among other defenses, the defendant pleaded the statute of limitations; and it is claimed in argument that, as the railroad embankment was a permanent structure, which has never been changed, the plaintiff's right of action for damages, and his entire right of recovery, accrued when the embankment was made, or, at the latest, as soon as it was discovered that the plaintiff's land was injured thereby. We quote the reply of counsel for appellee to this proposition. It is as follows: "(1) If the embankment had been solid throughout, so as to necessarily prevent the passage of the water, then the *injury*

would have been permanent, and the damages entire, and would have been done at the time the embankment was put in. But the embankment was not solid. An opening was made in the embankment near where the water formerly found its outlet, but the defendant neglected to make and keep it sufficient, when defendant could have made the outlet sufficient at a reasonable expenditure. The injury was the neglect to make the outlet sufficient, and there is no presumption that this neglect would continue. If the defendant had furnished no passage whatever for the water, it would have presented a different question. But the defendant, in constructing its embankment, made a bridge or trestle-work, some fifty feet long, near where the water formerly flowed, but such passage-way proved defective and insufficient, and defendant neglected to make it sufficient, when defendant could have done so by a reasonable expenditure. It was not the embankment which was the cause of the injury, but the defect in the outlet. When this defect can be removed by a reasonable expenditure, the injury cannot be said to be permanent."

Now, this reasoning would be a sufficient answer to the position of appellant if the defendant did in fact attempt to make a water-way through its embankment. If such was the fact, the case would probably be within the rule announced in *Drake v. Chicago, R. I. & P. Railroad Co.*, 63 Iowa, 302. But the evidence shows, without contradiction, that, when the railroad was constructed, one Adam Hine was the owner of the land through which it was built. He owned the land on both sides of the right of way; and at his instance, and by his procurement, the company put in piling, and laid the track upon trestle-work for a sufficient space to allow cattle to pass from one field into the other. It was not designed as an outlet for water, was not adapted to that purpose, and the proof shows that it is not practicable, by excavation, to make a water-way of it. It appears to us that the undisputed facts of the case bring it fully

within the rule of the cases of *Stodghill v. Chicago, R. I. & P. R'y Co.*, 53 Iowa, 341, and *Van Orsdol v. Burlington, C. R. & N. R'y Co.*, 56 Id., 470.

We think the cause of action is barred by the statute of limitations, and that the court should have so instructed the jury, as requested by the defendant.    REVERSED.