Van Brunt, P. J.
This action was brought to recover damages because of the enticement of the *2 plaintiff’s husband from her in the year 1858, and the depriving the plaintiff of his comfort and society and assistance from that time until the time of his death, which occurred in 1885, twenty-seven years after said alleged enticement. Among other defenses the defendant set up the six-years’ statute of limitation. Upon the opening of the plaintiff’s case the counsel for the defendant moved to dismiss the complaint on the pleadings, which motion was granted, and exception duly taken, which was ordered to be heard in the first instance at the general term.
The ground upon which the plaintiff seeks to avoid the statute of limitations is, that her rights are similar to those of the owner of land upon which a continuing nuisance is maintained, and a cause of action is renewed ■each day as long as the nuisance causing the damage continues. I think that it would be difficult to assimilate actions for personal injuries to actions for trespass upon lands. In the one, all the damages suffered or to be suffered can and must be recovered in one action ; in the other, future damages cannot be recovered. In a case similar to the one at bar, if a recovery is once had, without showing that a new cause of action has arisen, no new action can be maintained. The cause of action arises from the enticement, and without any new enticement no new cause of action arises. In the case at bar but one enticement is alleged. A cause of action then arose and should have been enforced within six years. As now no cause of action can be maintained because of that enticement, and no new one is alleged, the subsequent injuries resulting from that enticement cannot revive the right to sue. The exception should be overruled, and judgment entered in favor of the defendant, with costs.
Brady and Daniels, JJ., concurred.
*3 Note on the Time when a Cause of Action is Deemed to have Accrued.
Some difference of opinion exists on the question what is an entire cause of action, when the wrong done, and the damages resulting, are not simultaneous, but the damages arise at some time subsequent to the violation of right, or they perhaps commenced simultaneously with the violation and are continuous or recurrent. In comparing the cases on this subject it should be remembered that injuries to real property are sometimes treated as a separate cause of action from injuries to personal property, and that injuries to the person are sometimes treated as a still different cause of action, although the same act or neglect may have caused them all ; and though it is the better opinion that they may all be recovered in one action, in those cases where either can be treated as matter of aggravation of damages, yet where the development of these injuries occurs at different times, the question whether one is barred because the other has been, or because the other has been already adjudicated, is often important.

Notes of Cases.

I. Cases on the general distinction.
II. Cases on the view that the cause of action arises when the right is violated.
III. Cases on the view that it arises when damage first occurs.
I. Cases on the general distinction.
1. Injuries to person, and to personal property l\ Several recent important English cases on what constitutes a single cause of action, are reported with notes by American editors in 24 Am. L. Reg., N. S., 432, 505.
2. Trespass to personal property ; afid realty.] A judgment in a justice’s court in an action for injuries to personal property in a building removed from lands occupied by plaintiff.—Held, not res adjudicata in a subsequent action between the same parties for trespass in entering upon the land and removing the building therefrom. Supm. Ct. 1881, Toles v. Gardner, 11 Weekly Dig. 395.
3. Distinction between continuous wro7ig, and repeated discon~ nected wrongs.] Taylor v. Manhattan R. Co. 53 Hun, 305. In an action against an elevated railroad company begun in 1887, for personal injuries caused by the noise from the defendant’s road, and the *4 smoke, dust and dirt, stench and gas arising from its operation in which the complaint alleged that the plaintiff, in August, 1879, was made ill and suffered much personal discomfort and loss of health, which resulted in October, 1881, in a permanent injury to his ear and nervous system, and caused, in 1884, an almost total loss of sight of both eyes,—Held, that as it appeared from the evidence, that all which' occurred subsequent to September, 1881, was the natural result of the injuries received prior to that time, and there was no evidence that any additional injuries had been sustained by plaintiff subsequently to the time when these serious developments manifested themselves, that the action was barred by the statute of limitations. The court says : “ it is undoubtedly true that the operation of the railroad by the defendant was a continuing trespass and that successive actions might be brought to recover damages resulting from such trespass; and recognizing the rule laid down in Secor v. Sturgis, (16 N. Y. 548.) That in the case of torts each trespass or conversion or fraud gives a right of action, and but a single one, however numerous the items of wrong or damage.may be, such rule has no application to the case at bar, because of the fact that the damages arising from the trespass complained of in this action, did not arise from a single wrong but are the result of a continuation of wrongful acts. The operation of defendant’s road each day is a separate- and distinct trespass, and gives rise to a separate and distinct cause of action, and successive actions may be commenced and maintained to recover the damages sustained by such trespass. In the case of Perry v. Dickerson (85 N. Y. 357,) it is laid down as a rule that there can be but one recovery for the injury from a single wrong, however numerous the items of damage may be, and therefore, if the wrongs suffered in the case at bar, do not result from a single act, and if there is no proof of any damage sustained by reason of this continuing trespass within six years from the commencement of the action, the statute of limitations cannot apply.”
4. Distinction between continuotis obstrtiction, and occasional insufficiency.] Haisch v. Keokuk and & C. R. Co. 71 Ia. 606. Action for injury to plaintiff’s farm by reason of an obstruction of the natural flow of surface water by a railroad embankment. The embankment was about 600 yards distant from plaintiff’s land and the overflow complained of commenced in 1875, and had been practically continuous since that time. It appeared that the overflow was by reason of an outlet constructed in the embankment, which the plaintiff claimed was insufficient as an outlet; but it was shown that the opening was not made as an outlet for water, but to allow cattle to pass from one field into the other, at the request of the former *5 owner of the lands on each side of the railroad. Held, that while the action might have been sustained if the damages had been caused by the insufficiency of the outlet, if it had been originally made as an outlet for water, yet as the injury was sustained by the embankment which was a permanent structure, the damages were entire and the right of action accrued as soon as the embankment was made, and the statute of limitations began to run from that time.
5. Distinction between warranty in the present, and warranty as to the futurel\ Allen v. Todd, 6 Lans. 222. In 1864 defendant sold apple trees to the plaintiff as 20 ounce apple trees. They did not bear until the season of 1870, and it was then found that they were not 20 ounce apple trees. In an action by the buyer for damages,—Held, that there was an implied warranty, either that the trees were 20 ounce apple trees or that they would bear 20 ounce apples, and that if the former was the warranty, the right of action accrued immediately and was barred by the statute, but that the right of action upon a warranty that they would bear 20 ounce apples did not accrue until they bore fruit. The court held that the former was the implied warranty and that the action was therefore barred.
6. Statute of limitations."] Code Civ. Pro. § 415. The periods of limitation, prescribed by this chapter, except as otherwise specially prescribed therein, must be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party, as a plaintiff or a defendant, in the particular action or special proceeding.
7. Wells v. Cooper 57 Conn. 52, 56. Aggregated forfeitures for neglect of statutory duty, for several successive periods, may be regarded as one for the purpose of pleading them in one court, when they could not be so regarded in applying the statute of limitations.
II. Cases on the view that the cause of action arises when right is violated.
8. Lateral support removedI] Nicklin v. Williams, 10 Exch. 259. The declaration alleged that the plaintiffs were the owners of certain land and houses contiguous to other lands, and that they were entitled to the support of their lands and houses by the contiguous land and by the strata of minerals under the plaintiffs’ and contiguous lands,.and that defendant, wrongfully and without leaving proper supports, worked certain coal mines under the lands of the plaintiffs and those adjoining, by reason whereof the surface of the plaintiffs’ land sunk in and ruined the houses thereon. The defendant pleaded that after the *6 alleged grievance the parties agreed that a pending action brought by the plaintiffs for damages should be stayed, upon the defendant’s making good all the damage done, and the defendant averred the performance of such agreement. To this plea the plaintiffs replied alleging that the action was not for the damage affected by the agreement, but for subsequent damage sustained by the same acts for which the first action was brought. On demurrer to this reply,—Held, that the cause of action was not the damage done to plaintiffs’ land and houses by improperly working the mines, but the injury to the plaintiffs’ right to have their land and houses supported by the contiguous land and strata of coal; and therefore, when any part of the necessary support was removed, although no actual damage was done, there was a complete cause of action for which the plaintiff might have recovered prospective damage, and no new cause of action arose from the subsequent damage; and that the agreement set up in the plea of the defendant was therefore a bar to the present action.
The court distinguished Roberts v. Read, 16 East. 215 ; Gillon v. Boddington, 1 R. & M. 161 ; Sutton v. Clark, 6 Taunt. 29, as cases where the action was solely for consequential damages, the original act itself being no wrong, but becoming so by reason of the damages, and not, as in the case at bar, for injuries to rights.
[But see 28, etc., below.]
9. Money paid in consequence of prior breach of •warranty.] Battley v. Faulkner, 3 B. & Ald. 288. Where the plaintiffs purchased from defendant a certain quantity of wheat for seed, which was guaranteed to be spring wheat, and the plaintiffs then sold the wheat as spring wheat, and upon its being sown by the purchaser, it was found to be winter wheat and unproductive, and he brought an action against the plaintiffs to recover damages for the breach of the warranty, which plaintiffs paid and thereafter brought this action for the damages.—Held, that the cause of action accrued at the time of the sale of the wheat, and the action not having been brought within six years of the time the damage was sustained, was barred by the statute.
10. Imprisonment tinder order maliciously obtained,] This case was followed in Violett v. Symson, 8 El. Bl. 344. This was an action against an attorney for wilfully and maliciously procuring a creditor of the plaintiff to oppose his discharge under the insolvent act upon a false affidavit, by reason of which plaintiff was adjudged to be discharged as soon as he should have been in custody for 16 months.—Held, that the cause of action accrued at the time of the order of the court that he should be so detained, and the action was *7 barred, although brought within six years after the termination of his imprisonment; that the wrong, which was the gist of the action, consisted in the acts by which the order was procured for the plaintiff’s detention, and not in the subsequent detention under the order of the court.
11. Dusenbury v. Keiley, 12 Weekly Dig. 389; aff’g 9 Id. 275. Plaintiff was arrested and imprisoned under the Stillwell act, until Feb. 3rd. I877, when the warrant was vacated and he was discharged. Afterwards, on certiorari, the determination was reversed and the proceedings revived. Plaintiff voluntarily appeared in court and an order for a commitment was issued, which order was afterwards reversed by the court of appeals and no arrest was made thereunder. Held, that his right of action for false imprisonment arose upon the original arrest and the statute began to run from that time, and the action not having been brought within two years thereafter, was barred by the statute.
12. Covenant for quiet enjoyment.] A covenant for quiet enjoyment is broken when the covenantee is disturbed, and the statute of limitations begins to run from that time. Webb v. Alexander, 7 Wend. 281 ; Rootin v. Robertson, 2 Strobh. S. c. 366; Cobb. v. Wellborn, 2 Dev. N. C. L. 388 ; Stewart v. Drake, 9 N. J. L. 139; McGary v. Hastings, 39 Cal. 360; Grist v. Hodges, 3 Dev. N. C. L. 200; Shaw v. Stenton, 2 H. & N. 858.
13. False representation as to title!] Leonard v. Pitney, 5 Wend. 30. An action against a vendor for fraudulent representation as to the title to the land, the purchaser having accepted a quit-claim deed, without covenant of warranty, and having been subsequently evicted by the true owner.—Held, barred six years after the purchase, although the purchaser knew nothing of the defect in title until the action in which he was evicted was begun, more than six years thereafter.
14. False represetitatio7is of 710 Í7icu77ibra7ice.] Northrop v. Hill, 61 Barb. 136. In an action for damages for fraudulent representations, upon a sale of land, that there were no incumbrances thereon.— Held, that the cause of action accrued the moment the sale was completed, and was barred in six years thereafter, and that it was immaterial when the fraud was discovered, or that the injury therefrom was sustained by the foreclosure of a mortgage on the premises within six years before the action was brought, as the cause of action was the misrepresentation and not the resulting damages.
15. False certificate of search, and subseque7it discovery of Í71-■cii77ibra7icei] Owen v. Western Saving Fund, 97 Penn. St. 47. Ac *8 tion against a recorder of deeds for damages for negligence in issuing a false certificate of search, stating that there were no unsatisfied mortgages upon the premises, upon the faith of which plaintiffs made a loan secured by mortgage thereon. At the time the certificate was given there was an unsatisfied mortgage thereon; but the fact was not discovered by plaintiffs until more than six years thereafter. Held, that the cause of action accrued at the time the certificate was given, and not from the development of the damage.
16. False survey and subsequent expense of new surveyl\ Troup v. Smith, 20 Johns. 33. Action of assumpsit for negligence, want of skill and fraud in making a survey of a tract of land for plaintiff’s use in the sale of lots. Plaintiff did not discover the inaccuracy of the survey and the fraud until more than six years thereafter, and was then compelled to have a new survey made at great expense.—Held, that the action was barred six years after the survey; that the plaintiff’s cause of action accrued at the time of the consummation of the fraud, and not at the time of its discoveiy or of the damage resulting therefrom.
17. Negligence of notary, and consequent payment of damages by bank.] Bank of Utica v. Childs, 6 Cow. 238. Where a bank, holding a note for collection, gave it to its notary to protest, and he negligently omitted to give an indorser notice of dishonor, thereby discharging the indorser, and the bank was thereafter sued by the owner of the note, and compelled to pay damages for its notary’s neglect.— Held, in an action by the bank against the notary for negligence, that the cause of action against him accrued immediately upon his omission to give notice of dishonor, and was barred in six years thereafter, notwithstanding the fact that the suit against the bank and the payment of damages were within the six-year limit.
18. Governor v. Gordon, 15 Ala. 72. Where a notary public fails to give, to the indorser of a negotiable note the notice required to charge him, the statute of limitations commences to run in favor of the sureties on his official bond from the date of the default, and not from the time of its discovery, or the payment of the damage by the injured party.
19. Negligence of attorney, and consequent loss to client.] Wilcox v. Plummer’s Ex’rs., 4 Pet. (U. S.) 172. Where an attorney, in whose hand's a note was placed for collection, was guilty of negligence in misnaming the plaintiffs in an action thereon against an indorser, in which action, after various stages of litigation, the plaintiffs were finally nonsuited, and any further action against the indorser had then become barred by the statute of limitations,—held, in an action by the *9 holder of the note against the attorney, that the cause of action accrued, and the statute of limitations began to run, when ¡the error was committed in misnaming the plaintiffs, and not at the time of the sustaining of the actual damage by the non-suit, and the action was therefore barred by the statute.
The court say: “ When the attorney was chargeable with negligence or unskillfulness his contract was violated, and the action might have been sustained immediately. Perhaps, in that event, no more than nominal damages may be proved, and no more recovered; but on the other hand, it is perfectly clear that the proof of actual damage may extend to facts that occur and grow out of the injury, even up to the day of the verdict. If so, it is clear the damage is not the cause of action.”
20. Mardis’ Adm’rs v. Shackleford, 4 Ala. 4, 93. In an action against an attorney for neglect to collect notes given him for collection or to sue thereon as instructed,—held, that the cause of action accrued at the time when he failed to perform his contract—that is, upon his neglect to sue in a reasonable time, and the statute began to run from that time, and not from the time when the damages were sustained.
21. Agreement to remove, and subsequent expense resulting from breach.] M’Kerras v. Gardner, 3 Johns. 137. Where a defendant had agreed to remove his goods from a store at a certain time, but neglected to do so, in consequence of which the plaintiff was subsequently obliged to pay damages to the person to whom he had sold the store,—held, that the cause of action accrued when the defendant neglected to remove the goods at the time agreed, and not at the time when the plaintiff paid the damages.
22. Neglect to levy, and consequent loss of debtl\ Betts v. Norris, 21 Me. 314. In an action against an officer for neglect of duty in not attaching real estate upon a writ, as he was directed to do, and might have done, sufficient to fully satisfy the judgment afterwards rendered, whereby the creditor lost a part of his debt,—held, that the statute of limitations commenced running from the time of the return of the officer upon the writ, or of its return into court, and not from the time when it was ascertained by the judgment and levy upon the property attached that it was not sufficient to satisfy the judgment.
[Compare 25 below.]
23. Insitfficient return.] Miller v. Adams, 16 Mass. 455. In an action against a sheriff for an insufficient return upon a writ of attachment by reason of which the judgment rendered in the action in favor *10 of the plaintiff was reversed,—held, that the statute of limitations began to run from the time of such return, and not from the reversal of the judgment.
24. Deputy's trespass and subsequent action against sheriffs Garlin v. Strickland, 27 Me. 443. Where a deputy sheriff replevined property without having first taken a bond as required by the statute, and the defendant in the replevin suit recovered judgment for damages, and costs and an execution thereon was returned unsatisfied, and he then brought an action against the sheriff for the deputy’s default,—held, that the taking of the property, being without lawful authority, was a trespass, and the statute of limitatigns began to run from that time, and not from the time the damage was sustained.
25. Negligence of justice, and consequent loss to suitor.] Lathrop v. Snellbaker, 15 O. St. N. S. 276. Where, by the neglect of a jus-' tice of the peace to properly write out an appeal bond, the plaintiffs failed in their action against the surety,—held, that the statute of limitations began to run from the date of the negligence, and not from the time when the plaintiffs discovered the neglect upon the trial of the suit against the surety.
26. Neglect of railroad company, and consequent expense to the town.\ Veazie v. Penobscot R. R. Co., 49 Me. 126. Action by a town against a railroad company to recover the amount of a judgment it had been compelled to pay for injuries caused by the failure of the company to keep the highway in repair at a railroad crossing. The town also sought to recover the cost of certain repairs to the highway. The statute limited actions against a railroad company to “ one year after the causing of such obstruction.” The action not having been brought within one year after the obstruction and the expenditures made for repairs,—held, that the claim for repairs was barred by the statute, but that the right to recover the damages sustained by reason of the judgment against the town, did not accrue until the town had been held liable and the damages had been ascertained and fixed, and the statute began to run only from that time.
27. Negligence of publisher of legal notice ; and subsequent loss to advertiser.] Argall v. Bryant, 1 Sandf. 98. Action against the publisher of a newspaper for negligence in the publication of a legal notice of the formation of a limited partnership in which the plaintiff was the special partner. More than six years after the publication an action was brought against the plaintiff in which the error was discovered, and he was held liable as a general partner and compelled to pay the judgment recovered thereon.—Held, that the action was *11 barred, as the cause of action accrued at the time of the neglect of the defendant, and not at the time of the payment of the damages.
III. Cases in the view that the cause of action arises when first damage accrues.
28. Excavation.] Bononi v. Backhouse, 5 Jurist. N. S. (Pt. 1) 1345. Where defendant worked some coal mines, 280 yards distant from the plaintiff’s house, and no actual damage resulted therefrom until more than six years after,—held, that no cause of action accrued for the mere excavation by the defendant in his own land so long as it caused no damage to plaintiff, but only at the time when the actual damage was sustained ; and the action 'was therefore held not barred by the statute.
The case of Nicklin v. Williams, 10 Exch. 259, (see Infra) is criticised, and it is said : “ Although the judgment in that case is distinct upon the point, it nevertheless was extra-judicial, for before the former action was commenced it is obvious that actual damage had been sustained, in which case another principle applies, viz., that no second or fresh action can, under such circumstances, be brought for subsequently accruing damage.”
29. Gillon v. Bodington, 1 Car. & P. 541. Where the trustees of a turnpike road, acting bona fide, and in the execution of the powers conferred upon them by statute, converted an open ditch at the side of the road into a covered drain, placing gratings at intervals with catch-pits to carry off the water from the surface of the road into the drain, but in consequence of the way in which the catch-pits were constructed and kept, the drain proved, at times of heavy rain, insufficient, and the water was consequently diverted to plaintiff’s land and drowned his colliery,—held, that under the statute requiring all actions against such trustees for anything done pursuant to the act to be commenced within three months after “ the fact committed,” an action brought within three months after the damage sustained from this continuing nuisance, was brought in time.
In this case the rule was applied that where a statute limits the period within which an action is to be brought for an act done or committed, if the cause of action be a single act or one which amounts to a trespass, (except it be a continuing trespass,) the action must be brought within the prescribed period after the actual doing of the thing complained of; but if the cause of action be not the doing of the thing, but the resulting damage only, the period of limitation is to be computed from the time when the plaintiff sustained the injury.
*12 30. Lefurgy v. N. Y. & Northern R. R. Co. 21 State Rep. 113. Mandamus to compel a railroad company to restore the waters of a river to their ancient channel along relator’s farm.—Held, that the fact that the digging by the defendant, which at last resulted in changing the river’s bed, was done more than six years before the action was begun, was no bar, as it appeared that the change in the bed of the stream did not take place at once upon the excavation of the new channel, and it was not shown to have taken place more than six years before the suit was brought; and it was also said that even if the latter fact appeared, it might well be doubted whether the action would be barred by the statute ; but the point was not determined.
31. Personal injuries.] Gustin v. County of Jefferson, 15 Iowa. 158. Plaintiff sued for personal injuries received by the falling of a bridge over which he was crossing, precipitating him and his team into the creek below. To avoid the two years’ limitation applicable to such cases, plaintiff alleged that for one year after the accident he supposed his injuries were not of a serious nature, but that then the effects of the fall began to develop themselves and his health suddenly and permanently failed, and very serious, and perhaps fatal injuries to his spine and chest became- manifest as the direct result of the accident.—Held, that the statute began to run from the time of the accident, and not from the time when the plaintiff became aware of the extent of his injuries.
32. Successive actions cannot be brought for the recovery of damages as they may accrue from time to time, resulting from one injury to the person.
Filer v. N. Y. Central R. R. Co., 49 N. Y. 42.
33. Nuisance, and beginning of continuous damages.] Powers v. Council Bluffs, 45 Iowa., 652. The defendant, a city, constructed a ditch along a street by plaintiff’s property in such a negligent and unskilful manner that about six years after, the water had cut backwards, up stream, until it reached the plaintiff’s lands and continued to overflow them until plaintiff built a wall to confine the water within its proper channel and prevent it from cutting in and removing the soil. In an action for the damage sustained,—held, that plaintiff’s cause of action accrued when his premises first began to be injured, and the continuance of the injury thereafter from day to day did not give rise to a new cause of action, as the structure was a permanent one, and his ground of action was not the excavation of the lots, but the construction of the ditch which resulted in' that excavation. The court applied the rule in Troy v. Cheshire R. R. Co., 3 Fost., (N. H.) 83, that “ wherever the nuisance is of such a character that its continuance *13 is necessarily an injury, and where it is of a permanent character that" will continue without change from any cause but human labor, there the damage is original damage and may be at once fully compensated." The court say that “ when the fall in the stream in question had moved back from the county ditch to the plaintiff’s lot and the creek ditch began to deepen and widen along these lots as it had been doing for six years on the land below, no especial foresight, we apprehend, was needed to predict the result. The plaintiff’s damage was susceptible of immediate estimation. No lapse of time was necessary to develop it. It was the difference between the value of his lots as they would have been if the ditch had been properly constructed and the value of them as they were with the ditch as it was,” and the court,—held, that successive actions could not be allowed for damages resulting from negligence combining with a natural cause, however gradual the operation of that cause, but only where the defendant is continuously at fault.
Compare the Elevated Railroad cases collated and reviewed in 3 Harvard Law Rev.
34. Negligent co7istructio7il\ North Vernon v. Voegler, 103 Ind. 314. Action against a city for the negligent grading of a public street, so as to change the flow of the surface water, gather it in one channel, and pour it on the plaintiff’s land,—held, that a judgment in a prior action by plaintiff for the injuries from such overflow then accrued, was a bar to the present suit, as the injury was complete and permanent, constituting but one cause of action, and that for the fresh damage thereafter no. second action would lie. This was not the case of a nuisance, but only the negligent improvement of a street, the improvement itself being rightful and legal, but the manner in which the improvement was made being wrongful.
35. Neglect Í71 constructio7i, a.7id subseqtte7it casualty.] Wabash County v. Pearson (Ind. October, 1889), 22 Northeastern Rep. 134. In an action against a county for personal injuries sustained by reason of a defective bridgz.,—held, that the cause of action accrued only when the injury occurred, and the statute of limitations- ran from that time, although the neglect occurred in the construction of the bridge many years before, as the two elements of the plaintiff’s cause of action were the legal injury and the resulting damages.
St. Louis & C. Ry. Co. v. Biggs, (Ark. Nov. 1889.) 12 South Western Rep. 331. Where the railway company constructed its roadbed so that at times it caused the overflow of adjoining lands,—held, that the statute of limitations began to run from the happening of the injury and not from the construction of the road-bed, applying the rule *14 that where the structure is permanent in its character and its construction and continuance are not necessarily injurious, but may or may not be so, the injury to be compensated in the suit is only the damage which has happened, and there may be as many successive recoveries as there are successive injuries.
36. False return, and ultimate loss by intervening insolvency.] Bank of Hartford County v. Waterman, 26 Conn. 324. Defendant as sheriff undertook to levy an attachment and made a return that he had attached a certain piece of land, and had left with the town clerk a copy of the writ, &c., whereas, in fact, such copy left with the clerk had attached a different piece of land from the one described in the return. Both pieces of property belonged to the attachment debtor and would have been sufficient ,to satisfy the claim. The error was not discovered until the plaintiff in the suit had obtained judgment and taken out execution, at which time more than two years had elapsed both from the date of the levy and that of the return, the debtor in the meantime having become insolvent in an action for damages for the sheriff’s negligence,—held, that the cause of action did not accrue either at the time of the service of the writ or at that of the false return, but only until, by the failure to obtain1 satisfaction of the execution, the plaintiff had sustained actual damage. The court say : “No right to sue became lodged in the plaintiffs until a certain consequence resulted from one or both of these breaches of duty by the officer. If this be so, that the damnifying consequences of the defendant’s violation of duty are an essential ingredient in the plaintiff’s cause of action, the statute of limitations cannot begin to run until this cause of action becomes complete. The consequences are not in such a case mere aggravating circumstances e?ihancing a legal injury already suffered or inflicted, nor are they the mere development of such a previous injury, through which development the party is enabled for the first time to ascertain or appreciate the effect of the injury; but, inasmuch as 710 legal wrong existed before, they are an indispensable element of the injury itself, and must therefore fix, or may fix the period when the statute of limitations shall commence to run.”
This case contains an exhaustive review of the authorities and is regarded as a leading case on the question discussed.
[Compare 19, 22, etc.]
3 7. JudgTnent for la7id procured by fraud, and subsequent vesting of rmnainder in possessio7i of plaintiff^ Graham v. Luddington, 19 Hun, 246. The owner of a lease in fee, subject to an annual rent charge, died, and part of''the premises was set off to his widow as her dower. During her lifetime judgment for possession was recovered against her for failure to pay the rent, and she was dispossessed there *15 under. In ejectment by an heir to recover possession of her share of the premises, upon the ground that the judgment was procured by fraud and collusion with another heir who had subsequently purchased the land,—held, that the plaintiff’s cause of action accrued, not at the time of the recovery of judgment and dispossession thereunder, but at the time of the death of the widow, and was not therefore barred by the statute of limitations.
38. Promise to compensate services by will, and wrotigful -discharge before death.] Bonesteel v. Van Etten, 10 Weekly Dig. 148. Plaintiff alleged a contract by which the defendant’s testator agreed to recompense him for his services by his last will and testament, but that after the rendition of certain services, the testator discharged plaintiff and declared that he should never get anything from him.— Held, that plaintiff’s cause of action accrued at the time of such discharge, and not at the time of the death of the testator, leaving a will which contained no provision in his favor.
39. Covenant to make payments to perfect title, and subsequent eviction after breach!] Taylor v. Barnes, 69 N. Y. 430. Defendants having purchased certain premises at a State sale, assigned the certificate of sale to plaintiff, and agreed to make the payments thereafter to be made to the State, and to hold the plaintiff “ free from all payments, loss or damage on accounts of such payments.” Defendants having failed to make the payments the premises were resold, and plaintiff and her tenant were evicted. In an action upon the contract the statute of limitations was pleaded as a defense.—Held, that the contract was broken by the eviction and that the statute of limitations commenced to run from that time only.
40. Trespass!] Fora single act of the defendant which is in no wise continued, and causing only nominal damages—such as replacing on plaintiff’s premises property of a third person which defendant had previously seized and taken therefrom, and leaving it there notwithstanding several requests to remove it, but without claiming or exercising any control over it—plaintiff cannot maintain successive actions for trespass founded on the continued remaining of the property on the premises. Porter v. Cobb, 22 Hun, 278.
41. Injury to aqueduct!] A recovery for removing a water pipe, and consequent interruption of the supply of water from a spring, for a specified period,—held, to bar subsequent actions in reference thereto, committed within the same period. Law v. McDonald, 62 How. Pr. 340.
42. Trespass, and subsequently developed dilapidation!] Houston Water Works v. Kennedy, 70 Tex. 233. Defendant cut away a portion *16 of an arch in plaintiff’s house to make room for a water pipe put in at the request of the plaintiff’s tenant, and in so doing removed some of the supports of the building. The work was done at a place not open to view and was unknown to the plaintiff until the house settled and the walls of the building cracked and burst.—Held, that as the original act was wrongful, and an invasion of the plaintiff’s rights, his cause of action accrued at the time the work was done, and the action not having been brought within two years thereafter was barred by the statute.