## LEONARD *vs.* PITNEY.

Whether an action *at law* will lie by a vendee against a vendor for a *fraudulent representation* as to the title to land, where the vendee accepts a deed without warranty, and is subsequently evicted by the true owner. *Quere.*

The action, at all events, must be brought *within six years after the representation;* ignorance in the vendee of the defect of title, and fraudulent concealment on the part of the vendor of such defect until within six years before suit brought, is no answer to a plea of the statute of limitations.

DEMURRER to replication. The declaration is in *case* for a deceit in the sale of land. The plaintiff alleges that in consequence of the false representation of the defendant that he was the owner of a certain tract of land, he, the plaintiff, was induced to purchase, and did purchase the same of the defendant, and accepted *a quit-claim deed without covenant of warranty,* bearing date 20th March, 1813; that he paid the sum of $2500 as the price of the land, expended much labor and money in the improvement of the same, and in the defence of an action of ejectment brought for the recovery of the land by one Samuel W. Baldwin, the true owner thereof, who finally recovered the land and evicted the plaintiff. The defendant pleaded *non cul., non cul. infra sex annos,* and *actio non accrevit infra,* &c. To the second and third pleas, the plaintiff *replied* that at the time of the purchase, he was totally ignorant of the defect of title in the defendant; that the defendant knew such defect, but fraudulently concealed the same from the plaintiff; and that the plaintiff had no knowledge of such defect of title until May, 1825, when Baldwin, the claimant of the land, by due course of law, recovered judgment against him, and evicted him from the possession of the same. The defendant demurred.

*J. T. B. Van Vechten,* for defendant. An action for deceit in the sale of lands, on the ground of a false representation of title, will not lie. *Salk.* 211. The means of knowledge were accessible to the plaintiff; the lands lying in the military tract, he might have resorted to the records to ascertain in whom the title was. The party might have protected himself by a covenant of warranty; not having done so, he cannot recover in an action for deceit on the title failing; were there no such land as was conveyed, possibly the action might lie. The fact that the plaintiff did not discover the fraud until within six years before the bringing of the suit, is no answer to the plea of the statute of limitations. 20 *Johns. R.* 33.

*J. Edwards,* for plaintiff. An action on the case in the nature of an action for deceit lies for fraud in the sale of real estate, although there be covenants. The covenants are considered as nullities, on the principle that fraud vitiates every contract. *Co. Litt.* 384 *a.,* tit. *Warranty, note,* 332, § 733. 1 *Com. Dig.* 236 *a.* 8. 1 *Day's R.* 250. 13 *Johns. R.* 325. 4 *id.* 12, *opinion of Van Ness, J.*

What is said in 20 *Johnson* as to the concealment of the fraud being no answer to a plea of the statute is *obiter ;* besides, there the fraud was open, here it was concealed. In *Douglass,* 654, Lord *Mansfield* held that concealment was an answer; that, however, is also but a *dictum,* but it is a set off against the opinion expressed in *Johnson.* In 2 *Barn. & Cress.* 149, *Best,* C. J. considered fraud *undiscovered* until within six years an answer to the statute; and in 12 *Serg. & Rawle,* 128, it was held that the statute does not begin to run until after the discovery of the fraud. The same doctrine is held in 3 *Mass. R.* 201, 207 ; 1 *Pick.* 425. The statute of limitations receives the same construction and application in analogous cases in equity as at law ; and there it is well settled that the statute does not run until the discovery of the fraud. 7 *Johns. C. R.* 122.

*By the Court,* MARCY, J. Doubts may well be entertained whether an action at law will lie for a deceitful and false representation of title in the vendor of real estate. Such an

action has not as yet, I believe, been sustained, except it may be in some of the states where the same tribunal is possessed of equity jurisdiction as well as the powers of a court of common law.    There is, however, no occasion now to examine that question ; for I am of opinion that the replications are not a good answer to the pleas of the statute of limitations.  By that statute, it is enacted that all actions upon the case shall be commenced within six years next after the cause of such actions accrued, and not after.   No language can be more explicit.   This statute has been considered as not applying in terms to courts of equity, but it has been adopted by them as a reasonable rule to be applied in analogous cases, taking however a greater latitude in allowing exceptions to it than courts of law are permitted to do. Whether the fraudulent conduct of the defendant, in concealing from the plaintiff a knowledge that a cause of action had accrued to him until the usual time of limitation mentioned in the statute has elapsed, will be an answer to a plea setting up the statute, is a question which has, within a few years, been ably discussed in this court, and deliberately settled.   In the case of *Troup* v. *The Executors of Smith*, 20 *Johns. R.* 33, a replication alleging fraudulent concealment of the cause of action from the plaintiff in avoidance of such a plea was overruled.   All the authorities that were urged in favor of the replications in this case were considered by the court in that, and answered in a satisfactory manner. That case settled the law which applies to and must govern this case.   The same doctrine has recently been held in the king's bench, 5 *Barn. & Cress.* 149.   It was there decided that the statute of limitations is a bar to an action of trover, commenced more than six years after the conversion, although the plaintiff did not know of the conversion till within that period.   The cause of action arose when the deceit was practised at the sale, and that being more than six years before this suit was commenced, the pleas interpose a complete bar to the action.

Judgment for the defendant.