Nov. Term,
1858.

RIGHT
v.
MARTIN.

---

## Right and Another *v.* Martin and Another.

Action commenced in 1856, to procure execution against land, upon a judgment rendered in 1839. The transcript was not filed until *October*, 1853. Answer, that the judgment was rendered more than fourteen years before

Nov. Term,
1858.

RIGHT
v.
MARTIN.

Wednesday,
November 24.

the filing of the transcript, and had not been revived, wherefore no lien attached, &c. *Held*, substantially good, but not formally correct.

A repealing act cannot renew a liability that has already been extinguished.

APPEAL from the *Daviess* Court of Common Pleas.

WORDEN, J.—This was a proceeding by the appellees against the appellants, in the Common Pleas, to procure execution against certain lands, upon a judgment rendered by a justice of the peace, on the 25th of *August*, 1839.

The defendant filed an answer of several paragraphs.

Trial by the Court, finding for the plaintiffs, and judgment awarding execution.

Numerous objections are made to these proceedings, but we shall only notice one, as that is decisive of the case.

The defendants answered, amongst other things, that the judgment was rendered more than fourteen years before the filing of the transcript, and that the transcript was filed without any revival of the judgment; wherefore no lien attached, &c.

This we regard as a substantially good plea of the statute of limitations, although not formally so. A demurrer was sustained to this paragraph, and exception taken. It would have been more technical and correct if the pleader had shown that more than six years had elapsed after the rendition of the judgment and before the repeal of the limitation law of 1843; but we regard the above as sufficient, as it appears affirmatively, by the complaint, that the judgment was rendered in *August*, 1839, and the transcript not filed in the Common Pleas until *October*, 1853, nor the suit commenced until *April*, 1856.

By the act of 1843, R. S. 1843, p. 686, § 101, actions on justices' judgments are limited to six years. This provision was repealed by an act of *Janaury*, 1846, but the six years had elapsed before the repealing act was passed, and the repealing act could not renew a liability that had already been extinguished. This point is fully settled by the case of *Stipp et al.* v. *Brown*, 2 Ind. R. 647.

The demurrer to this paragraph of the answer should have been overruled.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for further proceedings.

*D. M'Donald* and *A. G. Porter*, for the appellants.