McKinney, J.,
delivered the opinion of the Court.
This was an action on the case for deceit in the sale of land. There was a demurrer to the declaration, which was sustained, and the suit dismissed.
The declaration alleges, in substance, that, for the consideration therein averred, the defendant undertook and agreed with the plaintiff, that he, the defendant, would transfer and sonvey all his right, title, and interest in and to a certain tract of land, situate in Morgan county, to one Edward Gaetz.
The gravamen of the action is the false and fraudulent representation of the defendant, that he had a good and inde *199 feasible title to said land, and that it was free from any in-cumbrance ; by means whereof the plaintiff was induced to enter into the agreement for the purchase thereof; whereas, in truth, the defendant did not have a good title to said land, nor was the same free from incumbrance, &c., whereby the plaintiff sustained damage, &c.
The allegations being admitted by the demurrer, the question is, can the action be maintained ?
If the action be sustainable upon the facts as alleged, there can be no doubt that it was properly brought in the name of the plaintiff, in whom the legal interest is vested, notwithstanding the beneficial interest was vested in another person, by the terms of the contract. This technical rule is of universal application in the legal forum, whether the contract be express or implied, or whether it be by parol, or under seal, or of record. 1 Chitty on Pl., 3, 4.
The main question is one in respect to which there is some confusion and contrariety in the cases to which we have been referred.
It is assumed, for the defendant, that where a contract for the sale of land has been completed by the execution and delivery of a deed of conveyance to the vendee, an action for deceit, in the contract of sale, on the ground of a false and fraudulent representation of title to the land, will not lie. It is said, that after the contract has been executed, all that may have passed between the parties, in the course of the negotiation, must be regarded as merged in the deed; and that in case of failure, or want of title, the only remedy of the ven-dee, in a Court of Law, is upon the covenants in his deed; and that if he has neglected to-protect himself by proper covenants, he is without remedy at law.
There are cases which seem rather to favor this view. See 5 Wend., 30; Cro. James, 196; 2 Ld. Raymond, 1119.
It seems to be conceded, that where the fraudulent representation is not in relation to the simple fact of title, but to some incidental or collateral matter, as the rents or profits derived from the land, appurtenances to it, incumbrances upon *200 it, the location, or quality, &c., the action for deceit may he sustained. This is certainly a very refined distinction.
It is true, that none of the cases to which we have been referred in support of the action, presents the isolated question of a false representation as to title ; but the principle upon which the decisions are based, it seems to us, applies as well to a deceit in respect to title, as to things collateral or appurtenant to the land. The principle is, that fraud or deceit, accompanied with damage, constitutes a good cause of action. This principle is of universal application, and its soundness is not questioned by any respectable authority. Since the case of Pasley v. Freeman, 3 Term. Rep., 56, the application of this principle to cases of false representations, relating to the sale of personal property, has been considered as a settled question; and it would certainly be difficult to assign any sensible reason why its application should not be the same in cases of deceit in the sale of real property. We take it that no just distinction can be founded upon the mere difference of the subject-matter of the representation.
' Nor can it be important, as respects the just application of this doctrine, whether the false representation relates to a thing falling within the scope, intention, and operation of the deed, or to something extrinsic of it. The gist of the action is the intentional fraud. If a represehtation be made materially affecting the subject-matter of the sale, which, at the time, is known to be false in fact, it is no answer to the fraud to say, that the injured party may have redress in another form, upon the covenants in his deed. Parties frequently have a choice of remedies at law. And as we are treating of the legal remedy alone, we, of course, say nothing in respect to the remedy of the party, in a case like the present, in equity.
It is certainly true, that, in the absence of all fraud, the rule at law is, that the entire agreement of the parties is presumed to have been incorporated in the deed or written contract ; and that if the purchaser has failed to provide for his own security by appropriate covenants, he is remediless. But *201 to this rule, according to all the authorities, fraud constitutes an exception. The fraud vitiates the contract, and the injured party may elect to treat the deed or contract as a nullity, and resort to an action on the case for the deceit.
In this view, it cannot be at all important whether the contract was executed or executory; or whether the deceit was in relation to a thing included in the deed, or something extrinsic ; or whether the subject was real or personal property.
In support of these general views, we refer to Monell v. Colden, 13 Johns. Rep., 396; Culver v. Avery, 7 Wend. Rep., 380; 1 Comstock’s Rep., 305, and cases cited.
The principle under discussion is one of much practical importance in respect to sales of land, as well where the contract has been executed as where it remains executory. Where a deed has been accepted, without covenants for the protection of the purchaser, it is the only remedy at law. And even where the deed contains a covenant of warranty, it affords, in most cases, but a remote and inadequate remedy. So, too, in executory contracts, an action on the case for deceit, which is of an equitable nature, and in which all the circumstances of the case may be looked to by the jury, in estimating the damages, will be found, in many cases, to be a more ample and appropriate remedy.
We are of opinion, therefore, that the demurrer was improperly sustained, and the judgment will be reversed. The plaintiff will be at liberty to amend the declaration by stating the cause of action with more precision and certainty.