## NORTHROP vs. HILL.

A cause of action to recover damages for fraudulent representations made upon a sale of real estate, in regard to incumbrances, accrues the moment the bargain is completed by the conveyance of the premises to the purchaser; and unless an action is brought within six years from that time, it will be barred by the statute of limitations.

It is of no consequence, whatever, that the purchaser did not discover the fraud within the six years. Even though the vendor, or his agent, conceals the defect of title, that will not prevent the statute from running.

In such a case, it is the act of misrepresentation, and not the resulting damages, which constitutes the cause of action.

THIS is an appeal from a judgment, rendered at a special term, denying the plaintiff's motion for a new trial on a case and exceptions.

The action was brought to recover damages for fraudulent representations made by the defendant in respect to the title to a farm which the plaintiff was about purchasing. The sale was negotiated with the plaintiff by the defendant. Among other defenses set up in the answer, was that of the statute of limitations.

On the trial the plaintiff offered to prove that, on the 24th day of March, 1854, the defendant fraudulently represented to the plaintiff that certain premises, which the plaintiff was about to purchase of one McCarty, were unincumbered. That relying upon such representations, the plaintiff purchased said premises of McCarty, and paid him him therefor, $1701.56, and took a deed thereof. That at the time such representations were made, and when said deed was delivered and said moneys paid, said premises were incumbered by a mortgage for $1500, held by one Joseph Fellows, which was subsequently foreclosed, by reason of which the plaintiff lost his land. It was admitted upon the trial that the said representations, purchase and payment were made and done, and notice of all the facts by the plaintiff had, more than six years prior to the commencement of this action. This action was com-

menced June 10, 1869. The court decided that the plaintiff's action was barred by the statute of limitations, and directed a nonsuit.

The following. opinion was given by the justice at special term.

MARVIN, J. The position of the plaintiff's counsel is, that the statute of limitations did not commence running in this case until there had arisen a cause of action for real and substantial damages. That no facts existed until the foreclosure of the Fellows' mortgage, justifying an action for anything more than nominal damages, and it could not be presumed, until the foreclosure of that mortgage, that any other damages would ever arise. In short, that when the damages actually occurred, then the statute of limitations commenced running.

I confess that this view of the case has commended itself to my judgment as better calculated to work out justice, than a rule that will give an action for nominal damages under circumstances where no other damages can be recovered, and when other circumstances, for the consequence of which the wrongdoer is responsible arise, causing material damages, that no action for such material damages can be maintained in case six years have elapsed from the time when the action for nominal damages could have been brought. But as the authorities stand, I suppose the statute is a bar to this action. *Leonard* v. *Pitney*,. (5 *Wend.* 30,) is in point. It is there decided that the action must be brought within six years after the fraudulent representations. The attempt was there made to evade the running of the statute upon the ground that the fraud was not discovered until within six years. This was overruled. The question of discovery, within six years, is not in the present case. In that case it is expressly said that the cause of action arose when the deceit was practiced at the sale, and that being more than six years before

---

Northrop v. Hill.

---

the suit was commenced, the plea interposes a complete bar to the action. (*See also* 20 *John.* 33.)

The counsel for the plaintiff cites and relies very much on *McConnell* v. *Kibler*, (33 *Ill.* 175.) I do not think the case, in principle, in point. The right of the defendant to restore his walls was a daily wrong and injury to the plaintiff. The defendant owed to the plaintiff a duty, and every day's neglect to perform it was a wrong, a breach, and new damages resulted to the plaintiff. The case, I understand, has been doubted; however this may be, it is not in point, in the present case.

The motion for a new trial must be denied.

*Sherman S. Rogers*, for the appellent.

I. The law is supposed to afford an adequate remedy for every injury. In this case it is clear that a grievous wrong was committed by Hill to the great damage of Northrop. What was the remedy?

II. The remedy was either by action brought immediately upon the completion of the foreclosure, without waiting to pay off the incumbrance, or to be evicted under it, or by action brought after such eviction or payment, or by both of said actions.

III. An adequate remedy would not have been furnished by an action brought immediately on the completion of the purchase, for the reason that in that action only nominal damages could have been recovered. 1. This, it is clear, would be so were the action upon a covenant against incumbrances. (*Rawle on Cov. of Title*, 129, *note, and c. c. Delavergne* v. *Norris*, 7 *John.* 358. *De Forrest* v. *Leete*, 16 *id.* 122.) 2. No different rule is applicable in an action sounding in tort. In actions of tort a greater latitude may be given in the recovery of damages which are consequential in their nature rather than the direct result of the injury. So, too, where there are any circumstances of aggravation proven, exemplary or punitive damages

may be given. But, with these exceptions, the damages in actions of tort are to be ascertained upon the same principles as the damage in actions upon contract. The object in either case is to remunerate the party damnified for the injury which he has sustained. The principles of evidence applicable are the same in the one class of cases as in the other. And whether damage has or has not been sustained ·is to be determined by rules of law applicable to both classes alike. 3. The damages, therefore, (aside from punitive damages,) in an action for this fraud, must be ascertained in the same way as they would be in an · action brought upon a bond given by some third party to indemnify Northrop for any loss which he should sustain by reason of this purchase.

IV. But no action could have been maintained for nominal damages merely. The maxim *de minimis non curat lex* applies to such a case. 1. We are aware that as a general rule nominal damages will be given for any invasion of a right; but we understand this to be, in cases of invasion of rights of property, "because it is material to the establishment and preservation of the right itself, that its invasion should not pass with impunity," as in cases of trespass qu. cl. fr., &c. (*Broom's Legal Max.* 155, *and c. c.*) Other obvious considerations are applicable to cases of injuries to person or character, making it proper that an action even for nominal damages should be sustained in such cases. But we submit that in a case like that at bar, where damages are claimed as the result of fraudulent representations, the reasons for sustaining an action for nominal damages merely, are neither obvious nor satisfactory. It would properly be disposed of as many cases are which are held to be *injuriæ absque damno*, and for which no action will lie. (*Sedg. on Dam.* 29, 44. 1 *Bouv. Dic.* 636, *&c.*)

V. But, aside from the considerations urged in the fourth point, no action could have been maintained, even

---

---

for nominal damages. No right of action accrued until the actual damage was sustained. (*Backhouse* v. *Boudin*, 1 *Ellis, Best & Smith*, 970. *S. C.*, *Id* 622, 646, *in Ex. Ch.* *Whitehouse* v. *Fellows*, 10 *C. B.* 765. *S. C.*, 9 *id.* 901, *N. S.* *Bank of Hartford* v. *Waterman*, 26 *Conn.* 324. *Barker* v. *Cassidy*, 16 *Barb.* 177.)

VI. But if an action for nominal damages had been brought and sustained, the recovery would not have barred the present action. (*McConnell* v. *Kibler*, 33 *Ill.* 175.) 1. This must be so, or the law is chargeable with the gross injustice of saying that we shall have no relief for the damages which we have sustained, unless those damages accrued and our action was brought within six years from the making of the fraudulent representations. 2. The liability which the law has imposed upon this defendant cannot be less than would be imposed by a contract on his part to indemnify and save harmless the plaintiff from any damages which he should at any time sustain by reason of any incumbrance upon the premises. In other words, the defendant having, by his fraud, induced the plaintiff to take the position of peril which he occupied, was bound at all times to protect him from injury resulting therefrom. Any law which requires less than this, or which fails to furnish adequate means to compel this, is a mockery of justice. 3. The wrong committed by the defendant was, until it had ripened into the mature fruit of actual damage, a continuing wrong. The existence of the incumbrance and the damage done by it were so connected (in their relations to the plaintiff) with the fraud of the defendant that they cannot be separated from it. The whole constituted one cause of action for which the defendant is liable. If he was liable immediately to a claim for nominal damages, he must also be held liable in this action, else there is a failure of justice.

VII. The defendant, by his fraud, having placed the plaintiff in peril, was bound to extricate him therefrom.

This he might have done at any time before the damage ensued. For his neglect to discharge this implied duty, he is liable. Of course, upon this theory of the case, the statute of limitations is no bar.

VIII. The cause was disposed of by Judge Marvin at the special term upon the authority of *Leonard* v. *Pitney*, (5 *Wend.* 30,) and *Troup* v. *Smith*, (20 *John.* 33,) neither of which, we submit, are decisive. *Lawrence* v. *Pitney*, was an action for fraud in the sale of land, where the defendant had falsely represented that he owned the land he was selling. In fact he did not own it. The vendee was afterwards evicted by the rightful owner. The cause of action was held to have accrued on the completion of the purchase. This was right, for in that case the vendee obtained nothing by his purchase. His possession was unlawful, and he had paid out his money. He had a claim at once for all he had paid. In *Troup* v. *Smith*, it is also plain that there was an immediate cause of action, for actual and not merely for nominal damages.

*Delavan F. Clark*, for the respondent.

The plaintiff's cause of action (if he had any) accrued when he accepted McCarty's deed, and paid the purchase price, or in any event, when he discovered the alleged fraud. The case states that the fraud was discovered more than six years prior to the commencement of the action. The injury which the plaintiff had suffered by the defendant's act, was the acceptance by him of McCarty's deed of the land in question, and the payment by him therefor of $1701.50, having been induced so to do by the defendant's act. The amount of damage which the plaintiff suffered by reason of this injury, is the difference in value of the land purchased with the incumbrance on it, and what it would have been on the day of the conveyance, unincumbered by the Fellows mortgage. (*Haight* v. *Hayt*, 19 *N. Y.* 464 to 471.) Whatever this difference

is, the plaintiff had a right of action therefor, immediately upon the consummation of the fraud, or upon its discovery. The injury was then complete, and whether it was slight or great, or whether it was easy or difficult to determine its amount, the statute of limitations then commenced to run. (*Wadsworth* v. *Harly*, 20 *E. C. L.*, 406. *Battley* v. *Faulkner*, 3 *B. & A.* 288.) The damage to the plaintiff in this case accrued when the fraud was consumate, to wit: On the acceptance, by the plaintiff, of McCarty's deed, and paying the purchase price, and not when he was compelled to pay the mortgage. (*Leonard* v. *Pitney*, 5 *Wend.* 30. *Bank of Utica* v. *Childs*, 6 *Cowen*, 238. *Argall* v. *Bryant*, 1 *Sandf.* 98. See also *Wilcox* v. *Plummers' Ex'rs*, 4 *Peters*, 172; *Sanborn* v. *Stetson*, 2 *Story*, 481.) The distinction in the rules of damage, in the case of an action for breach of an indemnity contract, where the damages are only nominal, if the indemnitee had not paid anything, and the case of an action for fraud, or other tort, should be observed. (*Case* v. *Hall*, 24 *Wend.* 102.). The court will also observe the distinction between this case and a class of cases which hold that the statute is no bar, where the alleged act accrued before the limited time, and being then lawful, but the injury resulted afterwards, by reason of the unlawful continuance of such act.. These cases hold very properly that, where there is not only a fresh damage, but a continuance of the cause of action, the continuance of the wrongful act which caused the damage, constitutes a fresh cause of action. (*Whitehouse* v. *Fellowes*, 100 *E. C. L.*, 765. *McDonell* v. *Kibler*, 33 *Ill.*, 175.) In the case of *Whitehouse* v. *Fellows*, Williams, J., clearly expresses the distinction in the rules by citing the leading case of *Fetter* v. *Beale*, (1 *Salk.* 11.) That was an action for an assault and battery. The defendant pleaded a former recovery, which the plaintiff sought to obviate, by showing that subsequent to the recovery, by reason of such battery, a piece of his skull had come out. It was urged

Northrop *v.* Hill.          ·

that this subsequent damage was new matter, which could not have been given in evidence on the first trial, when it was not known, and compared it to the case of a nuisance, where every new dropping ·is a new act.    But it was answered, "every new dropping ·is a new nuisance, but · here is not a new battery, and in trespass, the grievousness, or consequence of the battery, is not the ground of action, but the measure of the damage," &c., and judgment was given for the defendant.   (*See* 100 *E. C. L.*, *Williams' op., p.* 781.)   So it may be said in this case; the injury was caused by the defendant's fraudulent, representation, and that was the plaintiff's ground of action; grievousness, or consequence of such deceitful act, was only the measure of his damage.   There was but one act of the defendant, and had there been a recovery, even for six cents, for the damage that accrued by reason of the injury, before the prior incumbrance was discharged, there could not be a recovery in the second suit, after the foreclosure, and the loss of the land.    That the plaintiff might have maintained his action immediately upon discovery of the fraud in this case, and recovered some damage, there can be no doubt.   This being so, the statute must then have begun to run—as we have seen the statute begins to run as soon as a cause of action accrues, however difficult it may be then to prove prospective damage.   But in this case the plaintiff might have recovered the whole amount of the prior mortgage, even though he had not paid it.

*By the Court,* JOHNSON, J.   According to the plaintiff's offer of proof upon the trial, he once had a good cause of action against the defendant.   (*Haight* v. *Hayt,* 19 *N. Y.* 464, *and cases there cited.*)   But it is entirely clear that he has lost it by his delay in commencing his action.   The fraud complained of was practiced upon the plaintiff in March, 1854, and this action was not commenced until

June, 1869, nearly fifteen years afterwards. It is admitted that the fraud was discovered by the plaintiff more than six years before he commenced his action. There can be no doubt that this cause of action accrued to the plaintiff the moment the bargain was completed by the conveyance of the premises to him. It is of no consequence, whatever, that he did not discover the fraud within the six years. Had the defendant even concealed it from him, it would not have prevented the statute from running. (*Leonard v. Pitney*, 5 *Wend*. 30. *Allen* v. *Mille*, 17 *id*. 202. *Granger* v. *George*, 5 *Barn. & Cress*. 149.) It is unnecessary to multiply authorities, the point has been so often decided, and the rule so well settled.

The plaintiff's counsel seems to suppose that had the action been brought the moment the cause of action accrued, nothing but nominal damages could have been recovered. This clearly is not so. The injury had then been inflicted, and the resulting damages could have been recovered, whether great or small.

One measure of damages would have been the difference in value between the premises unincumbered, as represented, and incumbered, as they proved to be in fact. This was, *prima facie*, the amount of the mortgage. Another, leading to the same result, might have been that suggested in *Van Epps* v. *Harrison*, (5 *Hill*, 63,) the expense of putting the premises in the condition in which they were represented to be when conveyed. But whether this is so or not, it does not affect the question of the running of the statute.

The cause of action was the single act of fraudulent misrepresentation, and the right of action accrued when that representation was made.

It was not a continuous act, like a continuing trespass, or a nuisance. It was the act of misrepresentation which constituted the cause of action, and not the resulting damages. (*Whitehouse* v. *Fellowes*, 100 *E. C. L.*, 765.)

Foster *v.* Conger.

The nonsuit was right, and the judgment must be affirmed.

TALCOTT, J., having been engaged as counsel in the case, did not sit.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, November 13, 1871. *Mullin*, P. J., and *Johnson*, Justice.]