MARY E. MILLER, Appellant, *v.* C. GAYLORD WOOD et al.,
Respondents.

An action, brought to recover money as damages on the ground of fraud,
is barred by the statute of limitations (Code Civ. Pro. § 380) if not
brought within six years after the perpetration of the fraud; it is within
the exception in the provision (§ 382, sub. 5) declaring that "in an
action to procure a judgment, *other than for a sum of money, on the ground
of fraud,*" the cause of action "is not deemed to have accrued until the
discovery by the plaintiff, or the person under whom he claims, of
the facts constituting the fraud."

Reported below, 41 Hun, 600.

(Argued October 7, 1889; decided October 22, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made October 5, 1886, which denied a motion for a new trial
and directed judgment on an order of the trial court granting
a nonsuit.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Charles S. Kent* for appellant. If the defendants, one or
both, were guilty of the commission of the frauds alleged and
proved, and also the concealment of that fraud from the
plaintiff, the plaintiff was entitled to recover, and the defend-
ants, in law and equity, were estopped from shielding themselves
behind the statute of limitations. (Laws of 1847, chap. 280,
§ 16; Code, § 3339; Laws of 1848, chap. 370, § 62.) This
action is properly brought. (*Bowen* v. *Mandeville*, 95 N. Y.
241, 249; *Gould* v. *Cayuga Co. Nat. Bk.*, 86 id. 84; *Krum*
v. *Beach*, 96 id. 456; Leak's Digest of Law of Contract, 397;
Kerr on Frauds, 330; *Culver* v. *Avery*, 7 Wend. 386; *Whitney*
v. *Allaire*, 1 Comst. 305.) Both of the defendants are liable.
(*Medbury* v. *Watson*, 6 Metc. 259; *Paisley* v. *Freeman*,
3 T. R. 51, 56; *Hubbell* v. *Meigs*, 50 N. Y. 491; *Upton* v.

*Vail*, 6 Johns. 181; *Stebbins* v. *Eddy*, 4 Mason, 414–423; *McClellan* v. *Scott*, 24 Wis. 81; *Neeley* v. *Same*, 23 Hun, 651; *Purdy* v. *Sistare*, 2 id. 126; *De Floe* v. *Powers*, 14 Abb. [N. S.] 395; *Graves* v. *Speirs*, 58 Barb. 369, 386, 387; *Bennett* v. *Johnson*, 21 N. Y. 238; *Elwell* v. *Chamberlain*, 31 id. 611; *Smith* v. *Tracy*, 36 id. 79, 371; *Eyre* v. *Dunsford*, 1 East, 318; *Haycraft* v. *Creasy*, 2 id. 92; *Simar* v. *Canady*, 53 N. Y. 306, 307; *Mead* v. *Bunn*, 32 id. 275; *Culver* v. *Avery*, 7 Wend. 380; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Drake* v. *Grant*, 36 Hun, 465; *I. R. R. Co.* v. *Tyng*, 63 N. Y. 653; *Hubbard* v. *Briggs*, 31 id. 518; *Bennett* v. *Judson*, 21 id. 240, 241; 1 Story's Eq. Jur. § 193; *Craig* v. *Ward*, 36 Barb. 378; *Sharp* v. *Mayor, etc.*, 40 id. 256; *Atwood* v. *Chapman*, 68 Me. 41; *Wakeman* v. *Daly*, 51 N. Y. 27.) The distinction between actions at law and suits in equity and the forms of those actions were abolished. (Code, § 3339; Laws of 1848, chap. 370, § 62; 3 R. S. 204, § 1; Id. 225, § 1; *Gibbs* v. *Guild*, 9 Q. B. Div. 63, 65, 66, 67; 8 Stat. Victoriae, 36, 37; Code of Civ. Pro. § 382, sub. 5; *Bailey* v. *Glover*, 21 Wall. 342; *Wear* v. *Skinner*, 46 Md. 166, 167, 257; *Rosenthal* v. *Walker*, 111 U. S. 185, 190; 21 Wall. 342; *F. M. T. Co.* v. *Field*, 3 Mass. 201; *Wells* v. *Fish*, 3 Pick. 74; *Jones* v. *Conway*, 4 Yeates, 109; *Kush* v. *Barr*, 1 Watts, 110; *Mitchell* v. *Thompson*, 1 McLean, 96; *Carr* v. *Hilton*, 1 Curtis, 390; *Bowman* v. *Sanborn*, 18 N. H. 208; *Cole* v. *McGlarthy*, 9 Greenl. 141; *Morton* v. *Chandler*, 8 id. 9; *McDowell* v. *Young*, 12 S. & R. 128; *H. Bank* v. *Foster*, 8 Watts, 12; *Coolidge* v. *Alcock*, 30 N. H. 352; *Douglas* v. *Elkins*, 28 id. 26; *Findley* v. *Stewart*, 46 Iowa, 655; *Prentiss* v. *Russ*, 16 Me. 30, 32; *Raymond* v. *Simmons*, 4 Blackf. 84; 7 Johns. 122; *Lefury* v. *N. Y. C. & N. R. R. Co.*, 3 N. Y. Supl. 302; *Meyer* v. *Quartermous*, 28 Ark. 46; *Freeholders of Somerset* v. *Veghte*, 15 Vroom. 515; *District Township of Boomer* v. *French*, 40 Iowa, 601; *Fee* v. *Fee*, 36 Am. Dec. 106; 20 Johns. 33.) Fraudulent concealment constitutes a separate, distinct and new cause of

action. The subsequent concealment is in itself a fraud. (*Wear* v. *Skinner*, 46 Md. 257; *Gibbs* v. *Guild*, 9 Q. B. Div. 65; *Sherwood* v. *Sutton*, 5 Mason, 143; *F. M. T. Co.* v. *Fields*, 3 Mass. 201; *District Township of Boomer* v. *French*, 40 Iowa, 601; *Quick* v. *Corlies*, 10 Vroom. 11.) Where the cause of action and the knowledge of the cause of action are not contemporaneous, courts of equity interfere and hold the defendants estopped from taking the benefit of the statute of limitations. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 122, and cases cited; *Bailey* v. *Glover*, 21 Wall. 342; *District Township of Boomer* v. *French*, 40 Iowa, 601; *Meyer* v. *Quartermous*, 28 Ark. 45; *Bowman* v. *Sanborn*, 18 N. H. 208; *F. M. T. Co.* v. *Fields*, 3 Mass. 201; *Bree* v. *Holbeck*, 1 Bro. Per. Cas. 143; *Bacons* v. *Bronson*, 7 Johns. Ch. 201; *Gibbs* v. *Guild*, 9 Q. B. Div. 65; *Wear* v. *Skinner*, 46 Md. 257.)

*John H. Camp* for respondents. This action is barred by the statute of limitations. (Code, §§ 380, 382, subds. 1, 3; *Northrup* v. *Hill*, 61 Barb. 144; 57 N. Y. 351; *Leonard* v. *Pitney*, 5 Wend. 30; *Allen* v. *Mille*, 17 id. 202; *Foot* v. *Farrington*, 41 N. Y. 164; *Troop* v. *Smith*, 20 Johns. 33–46; 67 N. Y. 69; *Carr* v. *Thompson*, 87 id. 160.) This action is to procure a judgment for a sum of money only. "The fraud was consummated when the sale took place." (*Oothout* v. *Thompson*, 20 Johns. 278; *Leonard* v. *Pitney*, 5 Wend. 29; *Allen* v. *Mille*, 17 id. 202; *Northrup* v. *Hill*, 61 Barb. 136, 144; 57 N. Y. 351; *Foot* v. *Farrington*, 41 id. 164; *Piper* v. *Hoard*, 107 id. 67.) "In the case of tort an acknowledgment within six years will not take the case out of the statute." (*Oothout* v. *Thompson*, 20 Johns. 278; *Fritts* v. *Slade*, 9 Hun, 145; *Jones* v. *Merchants' Bank*, 4 Robt. 227.) An acknowledgment, even in actions upon contract, to take a case out of the statute of limitations, must be an unqualified admission of the debt, and show a willingness to pay. (8 N. Y. 362; 4 Sand. 427; 4 Robt. 528,

661; 1 Daly, 186; 4 Barb. 465; *Miller* v. *Talcott*, 46 id. 168; 11 id. 554; 5 Bosw. 226; 9 Hun, 145.)

PARKER, J. The defendants, by false and fraudulent representations, induced the plaintiff to purchase a mortgage which was without actual value. The sale was consummated on the 12th day of April, 1878. On the 23d day of September, 1885, a little over seven years after the purchase, the plaintiff commenced this action by means of which she sought to recover the amount of damage sustained by reason of the fraud practiced upon her by these defendants.

The trial court rightly determined plaintiff's claim to have been barred by the statute of limitations prior to the commencement of this action. The cause of action accrued to plaintiff when the sale and transfer were completed, to wit, April 12, 1878. (*Northrop* v. *Hill*, 61 Barb. 144.)

The Code provides that " the following actions must be commenced within the following periods after the cause of action has accrued." (§ 380.) " Within six years: 1st. An action upon a contract, obligation or liability, express or implied." (§ 382, sub. 1.)

This cause of action is embraced within the subdivision quoted, unless appellant's contention be true, that it is excepted from its operation by subdivision 5 of the same section. Subdivision 5 reads as follows: " An action to procure a judgment, *other than for a sum of money on the ground of fraud,* in a case which, on the 1st day of December, 1846, was cognizable by the Court of Chancery. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

It will be observed that this subdivision does not relieve the appellant from the effect of the six-year period of limitation, because, by its terms is expressly excepted a case where the action is brought to procure a judgment " for a sum of money on the ground of fraud." That result, and none other, is what the plaintiff has sought to accomplish in this action.

Whether the defendant in an equitable action might have been held to be estopped from receiving the benefit of the statute of limitations, had it appeared that they had intentionally and successfully prevented the plaintiff from discovering the fraud until after the plaintiff's cause of action had been barred by lapse of time, it is not necessary for us to consider here. The complaint contains an admission that the plaintiff had such knowledge more than six years before the commencement of the action, and the trend of plaintiff's testimony is in the same direction.

The judgment should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.