(26 Civ. Proc. R. 34.)

## REILLY v. SABATER.

(Supreme Court, Trial Term, New York County. November 10, 1896.)

1. PLEADING—COMPLAINT—ANTICIPATING PLEA OF STATUTE OF LIMITATIONS.

A complaint in an action at law need not allege facts to avoid the statute of limitations, though it appears from the complaint that the action was not commenced within the time limited.

2. LIMITATION OF ACTIONS—WHEN CAUSE OF ACTION ACCRUES.

A cause of action for fraud in procuring a contract to marry accrues when the contract is made, not when the fraud is discovered.

3. SAME—REPETITION OF FRAUD.

Repetition of the fraudulent representations by which a contract to marry was procured does not give a new cause of action, so as to interrupt the running of the statute of limitations against an action for the fraud.

4. SAME—BURDEN OF PROOF.

The burden is on plaintiff to prove that the action is not barred by the statute of limitations, where the statute is pleaded by defendant, and it appears that the action was not commenced within the time limited.

5. SAME—PLEADING.

A plea that the action was not commenced within 10 years after the cause of action accrued sufficiently alleged that it is barred by the six-years statute.

Action by Hannah V. Reilly against D. M. Sabater for damages for fraud in inducing plaintiff to enter into a contract to marry. At the opening of plaintiff's case, defendant moved to dismiss, or for judgment on the pleadings, on the ground that it appeared that the action was barred by the statute of limitations. Denied. At the close of the testimony, defendant moved to dismiss on the same ground. Granted.

Howe & Hummel, for plaintiff.
Goff & Pollock, for defendant.

BISCHOFF, J. Defendant's motion for dismissal of the complaint, or for judgment upon the pleadings, made at the outset of the trial, must be denied. It is competent to the plaintiff to avoid the effect of the defendant's plea of the statute of limitations, by proof either that she was under one of the disabilities specified in the Code of Civil Procedure (section 396) when the cause of action accrued, or that after the cause of action had accrued the defendant departed from, and continuously resided without, the state, or that he resided within the state, without the plaintiff's knowledge, under a false name (Code Civ. Proc. § 401). Plaintiff was not obliged to anticipate the defendant's plea of the statute of limitations by averments in her complaint aimed to overcome its effect. Bliss, Code Pl. §§ 200, 355, 358; Bailey, Code Pl. 28; Sands v. St. John, 36 Barb. 628; Baldwin v. Hartin, 14 Abb. Prac. N. S. 9; Dezengremel v. Dezengremel, 24 Hun, 457; Butler v. Mason, 16 How. Prac. 546. The rule that, in the absence of such averments, the complaint is insufficient, if it appears from the face thereof that the action was not brought within the period limited by law, applies only to equity actions in which relief may be denied on the ground of laches. Humbert v. Trinity Church, 24 Wend. 587. The time when the action was commenced does not appear from the face of the pleadings, and the defendant's plea of the statute of limitations must be taken to be

controverted (Code Civ. Proc. §§ 522, 516), in the absence of an order requiring the plaintiff to reply to the defense of avoidance.

### On Motion to Dismiss at Close of Testimony.

Both parties to the action having exhausted their proofs and submitted the cause, the defendant's motion for dismissal of the complaint upon the merits should be granted. . The cause of the action is, by concession, not one for damages for breach of a contract to marry, but one for damages for the defendant's alleged fraud in having induced the plaintiff to enter into such a contract with him by means of his false representation that he was capable of fulfilling the contract on his part, to wit, that he was at the time an unmarried man. The cause of action, if any, accrued when the fraud was consummated by the making of the contract to marry, not at the time when the plaintiff discovered the fact of the defendant's fraud. Leonard v. Pitney, 5 Wend. 30, 32; Northrop v. Hill, 57 N. Y. 351; Troup v. Smith's Ex'rs, 20 Johns. 33, 34; Oothout v. Thompson, Id. 277; Allen v. Mille, 17 Wend. 202, 204; Humbert v. Trinity Church, 24 Wend. 587, 605; Fritts v. Slade, 9 Hun, 145; Foot v. Farrington, 41 N. Y. 164, 172; Miller v. Wood, 116 N. Y. 351, 22 N. E. 553; Id., 41 Hun, 600. The action was barred because not brought within six years after the cause of action accrued. Code Civ. Proc. § 382, subd. 3. The time must be computed from the time the cause of action accrued to the time of the commencement of the particular action. Code Civ. Proc. § 415. The plaintiff has not brought the action within one of the exceptions specified in the Code of Civil Procedure (section 401), by proof that the defendant, after the cause of action had accrued, either departed from and continuously resided without the state, or that he resided within the state, without the plaintiff's knowledge, under a false name.

It appears that the plaintiff was an infant at the time when the cause of action accrued, and that, therefore, she was under one of the disabilities specified in the Code of Civil Procedure (section 396, subd. 1). But, from her own testimony, it further appears that at the time of the making of the contract to marry, in or before the month of June, 1882, she was in her eighteenth year, having been born in 1864; and from the record it appears that this action was not commenced until 1894, 12 years after the cause of action accrued, and more than 8 years after she attained her majority, which was in 1885. Whether, therefore, the statute of limitations be tolled from the time the plaintiff attained her majority, or it be held that it was incumbent upon her, under the provisions of the Code of Civil Procedure (section 396), to bring the action within one year after her attainment of such majority (Jagau v. Goetz, 11 Misc. Rep. 380, 32 N. Y. Supp. 144), in either case, this action was barred by lapse of time. That the defendant, after the contract to marry was entered into, asseverated his formed promise and representations, cannot help the plaintiff. She was not thereby induced to enter into the contract with the defendant, and the fraud, if any, for which this action was brought, had been previously committed. Such asseverations by the defendant were not a new fraud, but, at most, an admis-

sion of a fraud previously committed, and for which a cause of action had already accrued. Oothout v. Thompson, 20 Johns. 277. The action is concededly for a tort, not upon the contract to marry. Therefore a new promise, or an acknowledgment of the promise to marry, though made within six years before the commencement of this action, cannot avail the plaintiff. In the case of tort, either a new promise or acknowledgment within six years does not take the case out of the statute of limitations. Oothout v. Thompson, 20 Johns. 277. Besides, a new promise or acknowledgment within six years before the commencement of the action, to be available, must be in writing. Code Civ. Proc. § 395. There is no evidence of such a promise or acknowledgment. The letters offered in evidence for the plaintiff contain none. The burden of proving that the action was not within the statute of limitations was upon the plaintiff. Bailey, Onus Probandi, 599; Abb. Tr. Ev. 822. Hereof she failed. The defendant's plea that the cause of action did not accrue within ten years before the commencement of the action sufficiently set forth a bar from the lapse of six years. "Omne majus continet in se minus." Broom, Leg. Max. (8th Am. Ed.) 173. Besides, an amendment of the answer is permissible, since it does not appear that the plaintiff is thereby taken by surprise. Code Civ. Proc. § 723.

The motion to dismiss was therefore granted, but the plaintiff was permitted to withdraw a juror, and apply to special term for such amendment of her complaint as she might be advised.