Appellate **Term**, First Department, June, 1917. [Vol. 100.

As these documents were circulated by the defendant at a time of great public excitement, shortly after the declaration of war, and as the pamphlet contained gross abuse directed against the course of the nation and against those responsible for that course, and was circulated at a place where a demonstration in support of the course of the nation was being had, in my judgment the magistrate was justified in finding that the act had a tendency to cause a breach of the peace.

Judgment affirmed.

---

JOSEPH MASLOW, Respondent, *v.* SAMUEL AGELOFF, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1917.)

Statute of Limitations — evidence — burden of proof — trial — negotiable instruments.

A defendant who pleads the Statute of Limitations as a defense must prove that the cause of action alleged in the complaint did not accrue within the period within which the action might be brought.

Where plaintiff, to meet the plea of the Statute of Limitations and the proof sufficient to maintain it, makes any claim in avoidance of said plea, such as payment, the burden of proof is upon him.

Where in an action upon a check one of the principal issues litigated was whether defendant had paid interest on the check within six years of the commencement of the action, a charge to the jury that the burden of proof was upon defendant to show that nothing he did in any way affected the application of the statute, pleaded as a defense, is erroneous, as is also a refusal to charge on defendant's request that the burden of proof was on plaintiff to show that defendant made a payment to take it out of the statute.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered in the City Court of the city

of New York after a trial before the court and a jury, and also from an order denying the defendant's motion to set aside the verdict and for a new trial.

Abraham Miles (Leopold Freiman, of counsel), for appellant.

Charles J. Steinberg, for respondent.

LEHMAN, J.   The plaintiff has recovered judgment upon a check made by the defendant to the order of the plaintiff and delivered on April 4, 1910.   The defendant set up the Statute of Limitations and one of the principal issues litigated was whether the defendant had paid interest upon the check within six years of the time that the action was begun.   At the close of the trial the defendant requested the trial justice to charge that the burden of proof is upon the plaintiff to show that the defendant made a payment to take it out of the Statute of Limitations.   The trial justice refused this request and stated:   " The court distinctly charges the jury that the burden of proof is on the defendant to show that nothing he did in any way has affected the application of the Statute of Limitations."   The defendant duly excepted to this charge.   The charge and refusal to charge erroneously lays down the law applicable to this case.   The defendant who sets up the Statute of Limitations is required only to plead and prove that the cause of action did not accrue within the period within which an action may be brought as provided in the statute.   Where the plaintiff, to meet the plea and proof sufficient to sustain it, makes any claim in avoidance of the plea, such as payment, the burden of proving such affirmative avoidance of the plea is upon him.   See *Mason v. Henry,* 152 N. Y. 529; *Crow* v. *Gleason,* 141 id. 492; *Reilly* v. *Sabater,* 43 N. Y. Supp. 383.

Judgment should therefore be reversed and a new trial ordered, with costs to appellant to abide the event.

BIJUR and ORDWAY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.