### DAVIDSON et al. v. WRIGHT et ux. (No. 6324.)

(Court of Civil Appeals of Texas. Austin. July 2, 1921.)

1. **Limitation of actions** &#8858;24(6)—**Four-year statute applies to guaranty of quantity in deed.**

The four-year statute of limitation applies to a cause of action based on alleged guaranty in the deed as to the amount of land conveyed.

2. **Limitation of actions** &#8858;28(1)—**Two-year statute applicable to representations on sale of land.**

As respects right of recovery based on verbal representations and oral agreement that land sold to plaintiffs was of a specified acreage, the two-year statute of limitations is applicable.

3. **Limitation of actions** &#8858;183(3)—**Allegation that action accrued more than four years before suit includes averment of two-year statute.**

In grantee's action on verbal representations and oral agreement as to quantity of land, an allegation that the cause of action accrued more than four years before suit includes an averment that it accrued more than two years before suit, and thus pleads the two-year statute of limitations.

---

&#8858;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from McLennan County Court; Jas. P. Alexander, Judge.

Action by U. S. Wright and wife against W. R. Davidson and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Sanford & Harris, of Waco, for plaintiffs in error.

Witt, Terrell & Witt, of Waco, for defendants in error.

KEY, C. J. We copy from the brief of plaintiffs in error as follows:

"This is a suit by U. S. Wright, and wife Agnes Wright, originally filed on the 24th day of July, 1919, defendants in error's amended petition having been filed on the 29th day of November, 1919.

"Defendants in error alleged that on the 22d day of July, 1915, plaintiffs in error made, executed, and delivered a deed to plaintiffs, conveying a certain tract of land out of block A of the Davidson subdivision of the Jacob Walker survey, by metes and bounds, containing four acres.

"It is further alleged that defendants in error received the deed and entered into possession of the land on or about the 1st day of August, 1915.

"It is further alleged that the plaintiffs in error represented to the defendants in error that the tract of land contained 4 acres, 'and that said conveyance so warranted and covenanted that said tract of land contained 4 acres of land, and same was sold to these plaintiffs at the price of $300 per acre, and was purchased and paid for by the acre.'

"It is further alleged that on the 22d day of July, 1919, the defendants in error had the land surveyed, and it was found to contain only 3.3 acres, defendants in error seeking a recovery for seventh-tenths of an acre, amounting to $210, with interest thereon from August 1, 1915.

"Plaintiffs in error answered by general demurrer, special exception pleading the bar of the statute of limitation of four years, general denial, and special answer setting up the bar of the statute of limitation of four years.

"The cause was tried before the court without intervention of a jury on the 20th day of December, 1919, and the court rendered judgment for the defendants in error in the sum of $180, with interest thereon at the rate of 6 per cent. per annum from August 1, 1915, to which action of the court plaintiffs in error excepted and gave notice of appeal to the Court of Civil Appeals at Austin.

"Plaintiffs in error filed petition for writ of error and writ of error bond on the 30th day of January 1920.

The defendants in error concede the correctness of the foregoing statement of the nature and result of the suit, with one correction, which is that they did not allege delivery of the deed on the 22d day of July, 1915, but alleged that, although it bore that date, the deed was not delivered, and the transaction was not consummated until the 1st day of August, 1915, and they brought this suit before the expiration of four years from the latter date.

## Opinion.

[1] Plaintiffs in the court below, who are defendants in error in this court, alleged two separate and distinct grounds for recovery, one being that the defendants in the court below, who are plaintiffs in error in this court, had incorporated in the deed conveying the land to the plaintiffs a written warranty or guaranty that the tract of land contained four acres; and the other ground alleged was that the tract of land referred to was represented by the defendants, and was understood by the plaintiffs, to contain four acres of land; and that the contract of sale was a sale by the acre, at a specified sum per acre. The latter contract or agreement was not in writing. The four-year statute of limitation was pleaded, but there was no plea specifically invoking the two-year statute. The four-year statute has application to the cause of action, in so far as it was based upon the alleged written guaranty contained in the deed. However, the deed referred to was introduced in evidence, and contains no such stipulation, and that fact eliminates that phase of the case.

[2, 3] The plaintiffs in error have by different assignments of error and in different forms challenged the holding of the trial court to the effect that the plaintiffs' cause of action was not barred by limitation. The proof sustains that holding, if the four-year statute is applicable to that branch of the case which rests upon verbal representations and oral agreement. Also, if the two-year and not the four-year statute is applicable to that phase of the case, and the defendants had no plea justifying the application of that statute, the proper judgment was rendered, and it should be affirmed. It is believed that Bass v. James, 83 Tex. 110, 18 S. W. 336, and Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40, settle the question to the effect that the two-year statute of limitation has application to that phase of the case. As stated above, that statute was not specifically pleaded by the defendants, but, if it was included in the plea of four-year limitation, we see no reason why the defendants are not entitled to its benefit. Upon that subject we quote as follows from 25 Cyc. p. 1408:

"Where a party pleads a statute of limitations not applicable to the cause of action claimed to be barred, he cannot invoke the protection of another statute not pleaded. For instance a party who pleads a shorter period of limitation than the one applicable to the case waives the benefit of the longer and correct limitation which might have been pleaded. The majority of the cases hold, however, on the theory that the greater includes the lesser, that an answer setting up that the cause of action did not accrue within a specified number of years is a good plea of the statute of limi-

tations for any period not over that number of years."

In support of that proposition, the following authorities are cited: Boyd v. Blankman, 29 Cal. 19, 87 Am. Dec. 146; McCray v. Humes, 116 Ind. 103, 18 N. E. 500; Right v. Martin, 11 Ind. 123; Davis v. Hascall, 4 Mo. 58; Camp v. Smith, 136 N. Y. 187, 32 N. E. 640; Reilly v. Sabater (Sup.) 43 N. Y. Supp. 383; Van Hook v. Whitlock, 7 Paige (N. Y.) 373; Id., 26 Wend. (N. Y.) 43, 37 Am. Dec. 246; State v. Newman's Ex'r, 2 Ohio St. 567; Sargeant v. Johnson, 1 McCord (S. C.) 336; Morgan v. Bishop, 61 Wis. 407, 21 N. W. 263; Phelps v. Elliott (C. C.) 35 Fed. 455. Contra—Smith v. Joyce, 10 Ark. 460; Boyd v. Barrenger, 23 Miss. 269; Riggs v. Quick, 16 N. J. Law 160; Murphy v. DeFrance, 105 Mo. 53, 15 S. W. 949, 16 S. W. 861.

These authorities have been examined, and, as stated by Cyc., the majority of the cases hold that, inasmuch as the greater includes the lesser, a plea alleging that the plaintiffs' cause of action accrued more than four years before the suit was brought necessarily includes an averment that it accrued more than two years before the action was commenced. No particular form of pleading is required in this state, and if a particular plea contains all the allegations necessary to constitute a valid cause of action or defense, such plea will entitle the party to present his proof showing such cause of action or defense.

From what has been said, it follows that, in our opinion, the judgment is not supported by the testimony, and for that reason it is reversed, and the cause remanded.

Reversed and remanded.